## HALEY *v.* BREEZE.

ERROR TO THE SUPREME COURT OF THE STATE OF COLORADO.

No. 211. Submitted March 15, 1892. — Decided March 21, 1892.

This writ of error is dismissed because the record presents no Federal question properly raised, and because the judgment of the state court rests upon an independent ground, broad enough to maintain it, and involving no Federal question.

THE plaintiff in error, as plaintiff below, filed a bill in a District Court in a county in Colorado, to restrain the collection of taxes which had been assessed against him. An injunction being refused, he filed a second bill, in another court in another county, seeking the same remedy. An injunction being issued there, the cause was taken to the Supreme Court of the State, where the decree was reversed and the injunction dissolved. The following extracts from the opinion of the court, found in the record, show the grounds upon which that decree, to which this writ of error was sued out, rested.

"The record discloses that the appellee, Haley, has instituted

and prosecuted two injunction suits against the appellant for the accomplishment of the same purpose, to wit: to prevent him from enforcing, as county treasurer of Routt County, the collection of taxes assessed against the personal property of the appellee therein for the year 1884 by distraint and sale of a portion of the same. The first suit was brought and prosecuted in the District Court of Clear Creek County and the present action in the District Court of Pitkin County. The complaint in the former case stated substantially the same grounds for enjoining the collection of these taxes as that filed in the latter case, the principal ground being the invalidity of the assessment. Additional grounds for equitable relief are alleged in the present complaint, but they all existed at the time of the former action, and it is not even alleged that they were unknown to the appellee at the time the original suit was pending.

"The doctrine of the authorities is that, when a complainant in equity brings his suit, he must present to the court all the grounds then existing for its support. He is not at liberty to present a portion of the grounds upon which his claim for equitable relief depends in one suit and, if that fail, to present the rest in another action. The former adjudication is held to be conclusive in a subsequent proceeding between the same parties as to every matter properly involved and which might have been raised and determined in it. *Ruegger* v. *Indianapolis & St. Louis Railroad,* 103 Illinois, 449, 456; *Kurtz* v. *Carr,* 105 Indiana, 574; *Stark* v. *Starr,* 94 U. S. 477.

" A copy of the complaint filed by said Haley in the former suit was set out in the answer in this cause, showing the identity of the causes of action, of the relief sought, of the parties, and that they prosecuted and defended in the same character; and it is therein averred that this court, by its opinion and judgment of April 30th, 1887, pronounced in that case, held the said assessment to be valid, and that the injunction proceedings could not be maintained, which former adjudication is alleged to be a complete bar to the present action. This answer stands untraversed; and the fact, therefore, of a

former adjudication of the same subject matter between the same parties is decisive not only of this appeal, but of this action. It appears from the record that there was a full and complete adjudication in the original suit of the validity of these taxes, and that the authority of the appellant, as treasurer of Routt County, to enforce their collection was therein sustained. There was, therefore, no warrant of law for granting this second injunction to restrain him from the performance of that duty."

And in denying a petition for a rehearing the court said: "The grounds of the decision rendered in April are plain and simple and cannot be questioned. The plaintiff failed to return to the assessor a list of his taxable property as required by statute, and his property was listed by the assessor as was his duty under the statute. If he was assessed too high or for too much property it was his duty to apply to the board of equalization for correction of these errors, which he failed to do either of his own accord or at the repeated solicitation of the board of county commissioners. Having neglected all the means and modes provided by the statutes for the correction of errors in his assessment, he cannot correct them by an appeal to the chancery jurisdiction of the courts; and to these plain propositions the opinion cites abundant and well-considered authorities."

The counsel for defendant in error moved to dismiss the writ of error on the ground that "This cause and the matters and things therein involved no questions under the Constitution or laws of the United States of America."

*Mr. Daniel E. Parks* for the motion.

*Mr. W. T. Hughes* opposing.

THE CHIEF JUSTICE: The writ of error is dismissed because the record presents no Federal question properly raised, and the judgment of the Supreme Court of the State proceeded upon an independent ground not involving a Federal question and broad enough to maintain the judgment.