144 U.S. 130
 12 S.Ct. 836
 36 L.Ed. 373
 HALEY
v.
BREEZE, County Treasurer.
 March 21, 1892.
 
 1
 The grounds of the decision by the state supreme court will appear from the following extracts from the opinion: 'The record discloses that the appellee, Haley, has instituted and prosecuted two injunction suits against the appellant for the accomplishment of the same purpose, to wit, to prevent him from enforcing, as county treasurer of Routt county, the collection of taxes assessed against the personal property of the appellee therein for the year 1884, by distraint and sale of a portion of the same. The first suit was brought and prosecuted in the district court of Clear Creek county, and the present action in the district court of Pitkin county. The complaint in the former case stated substantially the same grounds for enjoining the collection of these taxes as that filed in the latter case; the principal ground being the invalidity of the assessment. Additional grounds for equitable relief are alleged in the present complaint. but they all existed at the time of the former action, and it is not even alleged that they were unknown to the appellee at the time the original suit was pending.
 
 
 2
 'The doctrine of the authorities is that, when a complainant in equity brings his suit, he must present to the court all the grounds then existing for its support. He is not at liberty to present a portion of the grounds upon which his claim for equitable relief depends in one suit, and, if that fail, to present the rest in another action. The former adjudication is held to be conclusive, in a subsequent proceeding between the same parties, as to every matter properly involved, and which might have been raised and determined in it. Ruegger v. Railroad Co., 103 Ill. 456; Kurtz v. Carr, 105 Ind. 574, 5 N. E. Rep. 692; Stark v. Starr, 94 U. S. 477.
 
 
 3
 'A copy of the complaint filed by said Haley in the former suit was set out in the answer in this cause, showing the identity of the causes of action of the relief sought, of the parties, and that they prosecuted and defended in the same character; and it is therein averred that this court, by its opinion and judgment of April 30, 1887, (13 Pac. Rep. 913,) pronounced in that case, held the said assessment to be valid, and that the injunction proceedings could not be maintained, which former adjudication is alleged to be a complete bar to the present action. This answer stands untraversed, and the fact, therefore, of a former adjudication of the same subject-matter between the same parties is decisive, not only of this appeal, but of this action. It appears from the record that there was a full and complete adjudication in the original suit of the validity of these taxes, and that the authority of the appellant, as treasurer of Routt county, to enforce their collection, was therein sustained. There was therefore no warrant of law for granting this second injunction to restrain him from the performance of that duty. The point so strongly insisted upon by counsel for appellee, that the subject-matter of the original injunction proceedings, and the judgment of this court therein, could not be legally interposed as an estoppel to this second suit, for the reason that the same constituted new matter, and was therefore inadmissible under the rules of chancery practice, is without merit and untenable. The authorities cited in support of the proposition announce no such doctrine. They refer rather to cases where the new matter is not responsive to the allegations of the bill, and to new matter which is alleged by way of confession and avoidance; as where the alleged equities are admitted, and other facts are interposed by way of defense thereto. The plea of res judicata, filed herein, is responsive to the complaint. It concedes no equities whatever in the allegations of the complaint, but is an unequivocal denial of all the propositions upon which the complainant's equities rest. In effect, it is a denial of the equities set up both in this and in the former complaint, and it alleges that the whole subject matter thereof was adjudicated in the former action, wherein it was finally determined that the complainant was not entitled to equitable or injunctive relief. This plea, untraversed, leaves nothing for the court to try. The equities of the complaint are not only denied, but disproved, leaving nothing for the injunction to rest upon.'
 
 
 4
 In denying a subsequent application for a rehearing the court further said: 'The grounds of the decision rendered in April are plain and simple, and cannot be questioned. The plaintiff failed to return to the assessor a list of his taxable property, as required by statute, and his property was listed by the assessor, as was his duty under the statute. If he was assessed too high, or for too much property, it was his duty to apply to the board of equalization for correction of these errors, which he failed to do either of his own accord or at the repeated solicitation of the board of county commissioners. Having neglected all the means and modes provided by the statutes for the correction of errors in his assessment, he cannot correct them by an appeal to the chancery jurisdiction of the courts. And to these plain propositions the opinion cites abundant and well-considered authorities. It was further urged in that case that the assessor did not complete the plaintiff's assessment list within the time prescribed by statute, and it was therefore without validity. It was held, however, that this was not fatal, and that there was a sufficient compliance with the statute. Upon the authority cited, I have no doubt about the correctness of this conclusion. In his petition for rehearing, in that case, counsel for the appellee urged that the objection to the assessment 'chiefly relied upon' was that it was made by the assessor 'in the presence of and under the directions of the board.' There was nothing to prevent the assessor from making out his list in the presence of the county commissioners, or any one else, nor did the record disclose any proper or sufficient evidence that it was made under the directions of the board, for which reason it was not considered a good ground for rehearing. Our decision in that case should have ended this litigation. The plaintiff's counsel, however, drafted another bill substantially the same as the bill in the former case, went to another county and to another judge, and asked for a tomporary injunction substantially upon the same grounds and for the same reasons as set forth in his former bill. An injunction was granted, the defendant appeared and answered, first traversing the allegations to the bill, and for further answer set up the fact that another suit was pending in the same cause of action in which a decision of this court had been rendered, and moved to dissolve the injunction. Upon the hearing of the motion to dissolve, he offered in evidence, inter alia, the summons and the complaint in the former suit, and the opinion of this court, which the court refused to consider. This was error, and upon this question there can be no doubt. The proceedings in the original suit did not constitute new matter, and were a complete defense to the action.'
 
 
 5
 W. T. Hughes, for plaintiff in error.
 
 
 6
 D. E. Parks, for defendant in error.
 
 
 7
 THE CHIEF JUSTICE.
 
 
 8
 The writ of error is dismissed because the record presents no federal question properly raised, and the judgment of the supreme court of the state proceeded upon an independent ground not involving a federal question, and broad enough to maintain the judgment.