EMPIRE STATE NAIL CO. v. AMERICAN SOLID LEATHER BUTTON CO. et al.

(Circuit Court of Appeals, First Circuit. June 12, 1896.)

No. 175.

1. JUDGMENT—RES JUDICATA.
  Where in a prior suit it appears of record that any particular question has been actually adjudicated, the prior judgment is, to that extent, conclusive in any subsequent suit between the same parties or their privies, relating to an instrument which forms the basis of litigation in each. 71 Fed. 588, reversed.

2. SAME—JUDGMENT ON PLEA—IDENTITY OF QUESTION.
  A decree formally declaring the validity of a patent sued on, though entered on a plea raising only an issue of title (no answer being afterwards put in), is conclusive of that question in a subsequent suit on the same patent between the same parties or their privies for an infringement by the manufacture or sale of articles in all respects similar to those involved in the first suit. 71 Fed. 588, reversed. Cromwell v. Sac Co., 94 U. S. 351, explained. Last Chance Min. Co. v. Tyler Min. Co., 15 Sup. Ct. 733, 157 U. S. 683, followed.

Appeal from the Circuit Court of the United States for the District of Rhode Island.

Alan D. Kenyon, for appellant.

Walter B. Vincent, for appellees.

Before PUTNAM, Circuit Judge, and NELSON, District Judge.

PUTNAM, Circuit Judge. This is a suit for the alleged infringement of a patent. It was heard in the court below on bill and answer. The bill alleges a prior decree sustaining the patent as between parties in privity with the parties to this suit. The prior suit was adjudged in favor of the complainant there on a plea which raised only an issue of title, and in no way assailed the patent. In this suit the bill sets out the prior judgment, and claims that it operates as an estoppel, while the answer alleges that the only issue in the prior suit was one of title, and thereupon proceeds to set up various matters impugning the validity of the patent. The complainant filed no replication, and the court below thereupon, on a hearing on bill and answer, dismissed the suit. After the plea in the prior suit was determined in favor of the complainant there, no answer was put in, and a decree was entered containing the following matter:

"Ordered, adjudged, and decreed, and this court, by virtue of the power and authority therein vested, doth order, adjudge, and decree, that the letters patent of the United States No. 370,614, issued to J. Wilson McCrillis, as assignee of Thomas F. N. Finch, on the 27th day of September, 1887, for an improvement in furniture nails, being the letters patent referred to in the bill of complaint herein, are good and valid in law; that the said Thomas F. N. Finch was the first and original inventor and discoverer of the invention and improvement in furniture nails described and claimed in said letters patent; that the Empire State Nail Company, the complainant herein, is the sole and exclusive owner of the said letters patent; that the title thereto is duly vested in complainant; that the complainant herein is entitled to the sole and exclusive rights in, to, and under said letters patent; that the said Edward H. Faulkner, Edward D. Faulkner, and Francis E. Faulkner, defendants herein, have infringed upon the said letters patent, and upon the exclusive rights of the complainant thereunder, by using and selling furniture nails containing and embodying the invention and improvement described and claimed in said letters patent as charged in the said bill of complaint."

Some question was made whether the record in the present case shows that the alleged infringing matter was "in all respects similar" to those involved in the prior suit. We agree that on this point the court below correctly found for the complainant.

The substantial issue is best stated by citing the opinion of the learned judge who tried the cause in the circuit court. He said:

"Passing now to the question of estoppel, it is evident that the question is to be determined in all respects as it would be if the respondents here had been parties to the record in the Faulkner suit. David Bradley Manuf'g Co. v. Eagle Manuf'g Co., 6 C. C. A. 661, 57 Fed. 980. The extent to which a former judgment between the same parties is to be taken to be an estoppel is defined in Cromwell v. Sac Co., 94 U. S. 351. According to the rule there laid down, the judgment in the Faulkner Case is a bar against these respondents if it be an 'action upon the same claim or demand,' and is no bar if it be an action 'upon a different claim or cause of action.' The question, then, is whether an action for infringement by the making of certain articles is an action upon the same claim or demand as an action for the making of certain other precisely similar articles. I think the present action is to be taken as an action for a different claim or demand from that

in the Faulkner suit, and must be put under the second class of cases as distinguished in Cromwell v. Sac Co. The court in that case, by way of illustration of the class of cases where there is no estoppel, cites Outram v. Morewood, 3 East, 346, Gardner v. Buckbee, 3 Cow. 120, and Steam Packet Co. v. Sickles, 24 How. 333. These cases, like the case at bar, seem to me to be cases where the ground of the right is identical in both actions, and the invasion of that right is similar but not identical. * * * As the reasoning of the Cromwell Case seems to me to be clearly decisive of the case at bar, I think it must control the decision, and the bill must be dismissed."

In David Bradley Manuf'g Co. v. Eagle Manuf'g Co., 6 C. C. A. 661, 57 Fed. 980, 991, thus cited, the circuit court of appeals for the Seventh circuit was of the opinion that a second suit on the same patent is a second suit on the same claim or demand; and if the patent itself does not furnish, or be not, the "claim or cause of action," even within the interpretation properly put on Cromwell v. Sac Co., or within the just rules of law applicable to the doctrine of res adjudicata, any patent may be litigated between the same parties in as many successive suits as equals the ingenuity of counsel in discovering new alleged defenses attacking its validity. The mere statement of this result shows that there must be some error in any chain of logic supporting it, no matter how perfect each link therein may appear to be.

Notwithstanding some expressions in Cromwell v. Sac Co. and in the various decisions to which it has led, the rule of law has never been disturbed that where, in a prior suit, it appears of record that any particular question has been actually adjudicated, the prior judgment is to that extent conclusive in any subsequent suit between the same parties or their privies, relating to an instrument which forms the basis of litigation in each. Here we find in the prior judgment a solemn and express adjudication in favor of the validity of the patent. If in that particular the court went beyond its province, its action was not void, and the remedy for the respondents was to apply to have its decree amended. As, therefore, we find in the record here matter which, so far as we are concerned, conclusively establishes that the court having cognizance of the prior suit has expressly adjudicated the validity of the patent as between parties in privity with those now before us, we have no power to permit that question to be litigated again. It is true, there were at common law some peculiar exceptions as between actions of trespass to real estate, writs of entry and writs of right (Stearns on Real Actions, c. 1, §§ XV., XVI., XVII.), but these were based on exceptional and peculiar reasons of a highly technical character; and the general rule applies to all matter appearing of record in the formal adjudication of a court, and equally whether fully litigated or confessed by default, on demurrer or by plea to the whole or part of a declaration at law or of a bill in equity. It is true that under equity rule 34 the determination of an issue made by a plea to a bill does not necessarily preclude a respondent from raising further issues by answer; but in the prior case the respondents rested on their plea, so that the plea had the same effect as under the general rules of equity practice, and confessed all matters not alleged by it. We have not in the record here the bill in the prior suit, but it can-

not be doubted that it alleged the validity of the patent; and, whether it did or not, we have a prior adjudication expressly declaring its validity.

In order to understand Cromwell v. Sac Co., it is necessary to look at its circumstances. One suit was on county bonds, and the other was on coupons detached from bonds. They were in law distinct instruments, as was clearly determined anew by a late decision of the supreme court, Edwards v. Bates Co., 163 U. S. 269, 16 Sup. Ct. 967, holding that coupons can be grouped with the bonds from which they were detached for the purpose of making up a required jurisdictional amount; that is, that they are not merely the representatives of interest, which cannot be thus grouped with the principal of the debt. The real question in Cromwell v. Sac Co. was whether a finding on the issue whether a plaintiff was the bona fide holder for value of certain coupons estopped the parties on the same issue on a subsequent suit as to other bonds and coupons of the same series. It is difficult to see how this question properly raised all the points said to have been determined in that case, or any of the points involved here. But, in any view of this difficulty, the broad expressions in that case and in another case in the same volume (Russell v. Place, 94 U. S. 606), though many times affirmed in a general way by the supreme court, were properly limited, by the same distinguished judge who drew each of those opinions, in Bissell v. Spring Valley Tp., 124 U. S. 225, 234, 8 Sup. Ct. 495. There it was held that a final judgment in favor of a county on certain of its bonds in a suit wherein the county answered, setting up their invalidity for reasons affecting the whole issue, and which was determined on a demurrer to the answer, was conclusive between the same parties in a subsequent suit on other bonds of the same class. The position there was precisely the same as it is here,—the demurrer confessed all matters of record, and, being of record, they were conclusive in the subsequent suit.

A careful examination of Howlett v. Tarte, 10 C. B. (N. S.) 813,—so much cited in Cromwell v. Sac Co.,—makes our proposition clear, and aids to establish it. Cromwell v. Sac Co. arose out of adjudications on several instruments of the same series, but distinct in law. Of the various cases commented on, Howlett v. Tarte was the only one like this at bar, in that the several litigations arose out of the same instrument. Of course, this fact does not affect the underlying principles of law, but it requires discrimination in applying them to differing circumstances. In Howlett v. Tarte the validity of the instrument was not questioned in either suit. In each the defense relied on confession and avoidance, and the avoidance in each was essentially different. Consequently the judges, while holding that an adjudication on one plea in bar did not estop as to the other, carefully distinguished. Williams, J., said, at page 826:

"I think it is quite clear upon the authorities to which our attention has been called, and upon principle, that, if the defendant attempted to put upon the record a plea which was inconsistent with any traversable allegation in the former declaration, there would be an estoppel. But the defense

set up here is quite consistent with every allegation in the former action. The plea admits the agreement, but shows by matter ex post facto that it is not binding upon the defendant."

Byles, J., said at page 828:

"Suppose an action of covenant. The defendant had two defenses,—performance and release. He could not plead both. He elected to plead performance. Suppose that plea found against him. He could not, in a subsequent action, plead non est factum."

These expressions clearly hold to the uniform rule of the common law that the validity of an agreement could not be questioned in the second suit, although not put in active issue, and only confessed by fiction of law in the first.

The latest cases in which any of the rules stated in Cromwell v. Sac Co. and in Russell v. Place have been applied by the supreme court are Roberts v. Railroad Co., 158 U. S. 1, 15 Sup. Ct. 756, and De Sollar v. Hanscome, 158 U. S. 216, 15 Sup. Ct. 816. It is possible that some things announced in the first of those cases give countenance to the broad proposition that, if there had been no express adjudication as to the validity of complainant's patent, its validity might be questioned in the present suit. However that may be, we are satisfied that our position is in harmony with the law as immemorially recognized by the bench and the profession, and that it is fully sustained by the quite late case of Last Chance Min. Co. v. Tyler Min. Co., 157 U. S. 683, 15 Sup. Ct. 733. In this the court, at page 687, 157 U. S., and page 733, 15 Sup. Ct., points out that the mere cause of action was not identically the same as in the prior suit relied on as an estoppel, and stated that the judgment in the prior case was, "therefore, not conclusive in this as to matters which might have been decided, but only as to matters which were in fact decided." It cites in support of this proposition a number of cases, among them Cromwell v. Sac Co. It appears, at pages 688 and 689, 157 U. S., and page 733, 15 Sup. Ct., that the defendants in the first action withdrew their answer, and did not appear at the trial. The court, therefore, proceeded ex parte, and made certain findings of fact, which were carried into the judgment. Thus the record in the prior suit was brought substantially into the same condition in which we find it here, in that in the prior suit the court expressly adjudicated in favor of the validity of the patent in controversy. The court thereupon, at page 690, 157 U. S., and page 733, 15 Sup. Ct., adopts the following from Lumber Co. v. Buchtel, 101 U. S. 638, 639:

"This finding, having gone into the judgment, is conclusive as to the facts found in all subsequent controversies between the parties on the contract."

It also said at page 691, 157 U. S., and page 733, 15 Sup. Ct.:

"It is said that the defendants did not contest; that they withdrew their answer, and that there was only a judgment by default. But a judgment by default is just as conclusive an adjudication between the parties of whatever is essential to support the judgment as one rendered after answer and contest. The essence of estoppel by judgment is that there has been a judicial determination of a fact, and the question always is, has there been such determination, and not upon what evidence or by what means was it reached."

We regard these expressions of the supreme court conclusive in favor of the complainant in the suit at bar, even if the cause of action was not technically the same as in the prior suit. The decree of the circuit court is reversed, and the cause is remanded to that court, with instructions to enter a decree in favor of the complainant for a perpetual injunction and an accounting, and to take such further proceedings as are consistent with the opinion filed this day in this cause; the complainant to have its costs in this court.