## HEIN v. WESTINGHOUSE AIR BRAKE CO.

### (Circuit Court, N. D. Illinois, E. D.   September 25, 1908.)

### No. 28,067.

COURTS—FEDERAL COURTS—CONFORMITY TO STATE PRACTICE.

If to conform strictly to the state practice would unwisely incumber the administration of the law and tend to defeat the ends of justice in a given case, a federal court has power to reject the local rule of pleading as to subordinate matters of form, under Rev. St. § 914 (U. S. Comp. St. 1901, p. 684), which requires conformity to the state practice only "as near as may be."

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 921.

Conformity of practice in common-law actions to that of state court, see notes to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.]

At Law.  On motion by plaintiff for an order to simplify the pleadings.

D. S. Wegg, for plaintiff.
Dolph, Buell & Abbey, for defendant.

SANBORN, District Judge.    Action of covenant to recover an agreed sum on the sale of a patent right.    Plaintiff moves for an order to simplify the pleadings, and to relieve him from a strict compliance with the rules of common-law pleading, in order to prevent undue and vexatious prolixity.    The questions presented are whether the court has power to change the rule of pleading, and whether, if it has the power, it should be exercised in this case.

To the declaration defendant pleaded non est factum, and 21 pleas, to the effect that plaintiff was not the owner of the inventions covered by the contract sued on; that for the same reason the consideration failed; that plaintiff was not the owner or inventor of the generic invention sought to be assigned, but only of certain subordinate features thereof, which are of no value to defendant without the broad invention; that for the same reason the consideration failed; that plaintiff covenanted in the contract sued on that he was the owner of the inventions assigned, but he was not such owner; that the consideration has failed for the same reason; that for the same reason there is a breach of covenant, because the use of the subordinate features assigned is of no value without the broad invention; that for like reasons the consideration has failed; that plaintiff covenanted in such agreement to prosecute to effect applications for patents on the inventions assigned, and secure such patents, but did not do so, his applications being rejected as to the broad invention, and that the subordinate inventions are of no value without the other; that for the same reason the consideration has failed; that by reason of the rejection of plaintiff's application defendants have been evicted from the use of the inventions sought to be assigned; for the same reason the consideration has failed; eviction in another form, in connection with other terms of the contract, is pleaded; failure of consideration for the same reason; that plaintiff did not prosecute his application for patent with reasonable diligence; failure of consideration for the same reason; that the Patent Office decided an interference proceeding between plaintiff and one Shepard, involving the inventions sought to be assigned, in Shepard's favor, from which decision plaintiff took no appeal, and for that reason plaintiff's invention was worthless; failure of consideration for the same reason; and that the plaintiff's device was inoperative, wherefore the consideration has failed.

The 22 defenses are practically resolved to 4: That defendants did not make the contract sued on, that plaintiff was not the owner or inventor of the patent right attempted to be sold or assigned, that such right was worthless, and that the Patent Office decided that another man was the real inventor of the device sought to be assigned; but by the common-law system of pleading in force in this district it takes 70 pages of typewriting to state these 4 defenses, 60 pages of which are mere repetition.

The attorney for the plaintiff, conceiving that he has numerous defenses to the defendant's pleas, finds their presentation under the common-law system somewhat cumbersome.    He does not want the

court to do what the Legislature did in creating the Cook county municipal courts, abolish all pleading whatever by substituting a bill of particulars; but, conceiving that the application of the highly technical rules of Chitty and Stephen will, in the language of the Supreme Court, "unwisely incumber the administration of the law" and "tend to defeat the ends of justice" (Railroad Co. v. Horst, 93 U. S. 291, 300, 23 L. Ed. 898), he applies to the court for an order allowing him to reply his defenses without the necessity of repeating, in the statement of each defense, the recital of facts supporting all or most of such defenses. To use his own language, this is "to avoid unnecessary repetition, unconscionable prolixity and confusion, and resulting enormous record, and to make plain and simplify the issues." And he insists that a federal court, by the terms of Rev. St. § 914 (U. S. Comp. St. 1901, p. 684), providing that the practice, pleading, forms, and modes of proceeding in the federal courts shall conform as near as may be to the practice, etc., in the courts of the state, is authorized to relieve him from the necessity of repeating the statement of the same facts in each separate replication, and to permit him, if the defendant will suffer no injury, to state his facts once for all, and reply all his defenses without repetition. He further states that any order to be made on this application should relate to form only, and not substance, and should not be construed as deciding the substantial validity of any defense or reply so authorized.

It may be said that the facts claimed by plaintiff to exist, or the more important ones, quite briefly stated, are that in 1902 Hein conceived that he had discovered a certain broad, generic invention in friction draft and buffing apparatus for use on railroad cars, and filed applications for a patent, and for patents on apparatus subsidiary to the broad invention. Shepard also claimed prior discovery of the same broad invention. After negotiation with Westinghouse the contract in suit was made, dated November 24, 1902, assigning the inventions, and all like inventions acquired by Hein, to Westinghouse, who was to pay 25 cents on each device of all friction draft and buffing apparatus made by Westinghouse, or by his licensee, the Westinghouse Air Brake Company, in consideration of the sale. Hein was to diligently prosecute his applications in the Patent Office. Payments were to be made quarterly, and considerable sums were paid until July 1, 1905, when further payment was refused on the ground that the contract conveyed nothing, and was made by mistake of fact. This suit was thereupon commenced, being an action at law on the contract. In January, 1906, Westinghouse and his company commenced a suit in equity in this court to restrain the action at law on the contract, on the same ground that they stopped payment. A demurrer to the bill was sustained by the Circuit Court, and on appeal by the Circuit Court of Appeals, on the ground that the suit was prematurely brought, in that it did not appear that Hein, whose claims for his generic invention had been rejected by the Patent Office, might not ultimately obtain a patent. 159 Fed. 936.

In his statement of facts plaintiff states the history of the negotiations leading to the contract, and all the proceedings in the Patent

164 F.—6

Office. From such statement it appears that one Shepard had filed an application for a patent on friction draft apparatus, and the Commissioner declared an interference between Hein and Shepard. After various proceedings it was finally decided that Shepard's claims were prior to Hein's, and Shepard got a patent; Hein's claims being rejected. After final rejection Hein appealed, and was finally awarded a patent on his claims. He also obtained patents on his subordinate claims, and procured and tendered to Westinghouse, under the contract, an assignment of the Shepard patent. The statement of these alleged facts in detail occupies 37 typewritten pages. Plaintiff bases upon these alleged facts a number of defenses by way of reply to the pleas set up by defendant. These defenses are alleged estopped in pais, alleged ratification by making payments on the contract with knowledge of all the facts alleged res judicata, and a general defense consisting of the replication de injuria, to the effect that plaintiff is not to blame for defendant's alleged breach of its contract, but that it is all its own fault. The defenses are simple and easy of statement in themselves; but as the common-law system of pleading requires a replication to each plea, and that each replication must be complete in itself, it is necessary to state, in connection with each replication of estoppel in pais, all the facts relied on to establish the estoppel, so that the 37 pages, more or less, of statement would have to be repeated 21 times. The other defenses do not require so much recital of facts, but it is evident to me that plaintiff's attorney could not state these defenses in much less than 2,000 pages. My estimate of the number of replications necessary is 155. Counsel thinks that it would take 180. He has presented all these defenses in 73 pages, without repetition, and now asks to be relieved from the necessity of such repetition, required by the modified common-law procedure in force in Illinois.

The common-law system of pleading is a method of ascertaining the matters to be adjudged, and sharply separating matters of law and fact. Its whole object is logical certainty and absolute clearness. It is said to be a science of law and logic, designed to so formulate the contentions as to best develop the questions of law and fact which are involved in the controversy. If the replications, and the possible rebutters and surrebutters to follow, are to be stated according to this system, the court might possibly, with the aid of an expert and a set of double entry books, find out what the real contentions are "with logical certainty and absolute clearness." Instead of producing certainty, the application of the common-law system to a case of this complication tends to mystification, prolixity, and unnecessary repetition. The question, however, is whether the court has power to relieve the plaintiff from the plain rule of the Illinois law. If to conform to the state practice would unwisely incumber the administration of the law and tend to defeat the ends of justice, the court has power to reject the local rule. Southern Pacific Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 942. As said by the Supreme Court in Mexican Railway v. Pinkney, 149 U. S. 194, 207, 13 Sup. Ct. 859, 37 L. Ed. 699:

"The words of this section, 'as near as may be,' were intended to qualify what would otherwise have been a mandatory provision, and have the effect to leave the federal courts some degree of discretion in conforming entirely

to the state procedure. These words imply that in certain cases it would not be practicable, without injustice or inconvenience, to conform literally to the entire practice prescribed for its own courts by a state in which federal courts might be sitting."

See, also, Shepard v. Adams, 168 U. S. 618, 18 Sup. Ct. 216, 42 L. Ed. 604.

Section 914, then, is not mandatory in the sense of adopting every subordinate rule of the state practice. That practice as a whole is adopted; but the court may reject some subordinate rule, and exercise some degree of discretion in declining to conform absolutely and entirely to the state practice. The rule of the common-law practice that each plea or replication must be complete in itself, and state all facts necessary to support the defense set up, is one of form only, occupying an entirely subordinate position in the system, and in no way affecting such system in any substantial way. To reject it is not to refuse to be governed by the Illinois system, not to change it in substance, but merely to permit a formal departure from it in this case only, for the reason that it would unwisely incumber the administration of the law to compel strict adherence to it. I think, therefore, the plaintiff should be permitted to state the facts once for all, and file such pleas as he may be advised, which may be treated as if such statement of facts was repeated in each such plea.

Plaintiff also moves to be allowed to reply generally to all defendant's special pleas by one traverse de injuria. This may also be done; but the validity of such traverse, as applied to any or all the special pleas, is not in any way now passed upon or considered.

Another matter of some importance remains for discussion. From plaintiff's proposed statement of facts it appears that a number of facts which are deemed quite important by him, and which, if shown in proof, might have a vital effect on the suit, occurred after the action was brought. The chancery suit and its decision that there was no final judgment against Hein in the patent suit were long after this suit. Several months after it was begun Hein bought the Shepard patent, and on January 15, 1908, paid up in full for it, took a conveyance thereof, and gave notice of it to defendant, which became the owner of such patent under the contract in suit. In October, 1907, plaintiff appealed from the decision rejecting his claims, and on January 23, 1908, the decision was reversed, and a patent awarded to Hein, and issued to him February 18, 1908, and notice thereof given to defendant. It will be seen that these facts so occurring after suit brought may, if pleaded and proven to be true, have a great influence on the result. But as the parties are now pleading for the first time, the suit having been treated as stayed pending the hearing in the chancery suit at the circuit and on appeal, the pleading of these facts is not by way of amendment, or by way of pleading puis darrein continuance, but rather their recital in the first pleadings filed. The plaintiff may, without leave of court, plead anything he may be advised, leaving its propriety to be determined, if properly challenged by defendant.

An order may be entered permitting plaintiff to reply to two or more special pleas by one replication, to file two or more replications to the same plea, to reply several matters to one or more pleas, to reply

generally by traverse de injuria, to include therein two or more pleas, and to make a single statement of facts, without the necessity of repeating the same or any part thereof in any replication, such statement being taken as if the whole thereof were repeated in each replication, except the replication de injuria. But the defendant is not to be prejudiced by such change of form, nor its rights affected. It may demur, plead, or otherwise object in any manner, except to raise formal objections justified by the order, to the same extent as if this direction were not made.