### HEIN v. WESTINGHOUSE AIR BRAKE CO.

(Circuit Court, N. D. Illinois, E. D. August 26, 1909.)

No. 28,067.

1. JUDGMENT (§ 713*)—CONCLUSIVENESS OF ADJUDICATION—SCOPE AND EXTENT OF ESTOPPEL—MATTERS WHICH MIGHT HAVE BEEN LITIGATED.

A decree for the defendant in a suit for the cancellation of a contract is conclusive against the complainant upon every ground for cancellation or avoidance of the contract which existed and was known to him when the suit was brought.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1241; Dec. Dig. § 713.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2.** ESTOPPEL (§ 90*)—ACQUIESCENCE—INVALID CONTRACT—PAYMENT.

A licensee under a patent is estopped to set up the invalidity of the contract as a defense to an action to recover royalties thereunder, when, after obtaining knowledge of all the facts, he continued to pay royalties for 15 months without objection.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 244; Dec. Dig. § 90.*]

**3.** PLEADING (§ 349*) — MOTION FOR JUDGMENT ON PLEADINGS — WHEN AUTHORIZED.

A motion for judgment on the pleadings is proper when the defendants' pleadings admit the cause of action, and no assessment of damages is necessary.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1067–1069; Dec. Dig. § 349.*]

At Law. Motion by plaintiff for judgment on pleadings.

David S. Wegg, for plaintiff.

Buell & Abbey and J. Snowden Bell, for defendant.

SANBORN, District Judge. The controversy fully appears in the previous decisions. Westinghouse v. Hein, 159 Fed. 936, 87 C. C. A. 142; Hein v. Westinghouse Air Brake Co. (C. C.) 164 Fed. 79; Hein v. Westinghouse Air Brake Co. (C. C.) 168 Fed. 766. In brief, covenant is brought to recover quarterly payments for the sale of patent rights. The chief defense is failure of consideration in that the invention was without utility. Substantially all the technical allegations of the pleas, replications, and rejoinders relate to this defense. The case is complicated, however, by the chancery suit of Westinghouse v. Hein, where Westinghouse attempted to have the contract of sale rescinded for mistake, but it was held that the rejection of the Hein application in the Patent Office was not a final determination of his rights, and that he might still obtain a patent for the claims. This he has done. It is now insisted by his attorney that the chancery suit is now a record estoppel on all questions which Westinghouse might then have raised as a ground of rescission, for the reason that splitting a cause of action is not permitted.

The rejoinders take the same course as the replications; that is, in the general one the facts are stated in full, once for all, from defendant's standpoint, and the other rejoinders refer to such statement to sustain its claim that it was not fully informed of all the facts when the contract of sale was made; that it has not received all the benefits it contracted for; that, when the chancery suit was begun, it did not know all the relevant facts, and the equity decree is not therefore res adjudicata; that the contract did not create a license; that such decree did not involve the question whether the decision rejecting Hein's application was final and conclusive, and the court did not decide it; that a patent has not been issued to Hein "in the exact words and figures in which said claims were contained" in the application; that the patent was not obtained by Hein without unnecessary or improper delay on his part, to defendant's damage; that defendant did not through the Hein patent acquire "all the rights, benefits, and advantages" conferred by the contract, or any thereof; that defendant did not super-

---

vise the Patent Office proceedings; that there is no such record as that alleged in the chancery suit; that the Patent Office rejection of Hein's claims was conclusive; and that prior to January 1, 1904, defendant did not have full, complete, and accurate knowledge of all the facts.

From the record it now appears that Hein obtained his own patent and also procured an assignment of the Shepard patent, thus giving Westinghouse everything he contracted for. It also appears that no new fact not previously known came to Westinghouse's knowledge after March 1, 1904, so that, when he brought the chancery suit February 1, 1906, he knew all the facts now known. After March 1, 1904, he continued to make the quarterly payments under the contract until July 1, 1905. Westinghouse obtained by contract of sale, therefore, all he bargained for in the Hein and Shepard patents. He knew all the material facts when he brought the chancery suit; and, after he had such knowledge, he continued for 15 months to make the payments called for. These facts are deemed fully supported by the pleadings. Therefore there could have been no failure of consideration. And, if Westinghouse had any right to avoid the contract for mistake or fraud other than the one set up in the chancery suit, he should have presented it. As said by the Supreme Court, in Stark v. Starr, 94 U. S. 477, 485, 24 L. Ed. 276:

"It is undoubtedly a settled principle that a party seeking to enforce a claim, legal or equitable, must present to the court, either by the pleadings or proofs or both, all the grounds upon which he expects a judgment in his favor. He is not at liberty to split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail. There would be no end to litigation if such a practice were permissible."

"The former adjudication is held to be conclusive in a subsequent proceeding between the same parties as to every matter properly involved and which might have been raised and determined in it." Haley v. Breeze, 144 U. S. 130, 12 Sup. Ct. 836, 36 L. Ed. 374; Columb v. Webster Mfg. Co., 84 Fed. 592, 28 C. C. A. 227, 50 U. S. App. 264, 43 L. R. A. 197.

It was also Westinghouse's duty on learning the facts to promptly rescind. For 15 months he retained the benefit of the contract and continued to pay the price, thus irrevocably ratifying the contract, precluding any subsequent attack. Grymes v. Sanders, 93 U. S. 55, 23 L. Ed. 798; Burk v. Johnson, 146 Fed. 209, 76 C. C. A. 567; Richardson v. Lowe, 149 Fed. 625, 79 C. C. A. 317; Kingman v. Stoddard, 85, Fed. 740, 29 C. C. A. 413; Simon v. Goodyear Metallic Rubber Shoe Co., 105 Fed. 573, 44 C. C. A. 612, 52 L. R. A. 745; Sanitary District v. Ricker, 91 Fed. 833, 34 C. C. A. 91.

It is, however, objected that plaintiff cannot move for judgment on the pleadings, but should demur to the rejoinders. A motion for judgment on the pleadings is proper when the defendant's pleadings admit the cause of action, and no assessment of damages is necessary. Jones v. Rowley (C. C.) 73 Fed. 286; 11 Encyc. Pl. & Pr. 1030. By the course of pleading plaintiff's cause of action is admitted or confessed. No issue of fact remains. Plaintiff is shown to be entitled to judgment, and the contract fixes the measure of damages.

Questions of law only are presented, raised by the motion for judgment, which is granted.