In re CULGIN–PACE CONTRACTING CO.

(District Court, D. Massachusetts. February 18, 1915.)

No. 14113.

1. BANKRUPTCY ⊚═72—CORPORATIONS SUBJECT TO BANKRUPTCY ACT.

A corporation engaged principally in manufacturing is subject to adjudication under the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544, as amended by Act Feb. 5, 1903, c. 487, 32 Stat. 797, and Act June 15, 1906, c. 3333, 34 Stat. 267), as it stood on September 21, 1908, at the filing of a bankruptcy petition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 17; Dec. Dig. ⊚═72.]

2. BANKRUPTCY ⊚═100—INVOLUNTARY PROCEEDINGS—JUDGMENT—RES JUDICATA.

A judgment of a District Court dismissing a bankruptcy petition alleging that the alleged bankrupt, a corporation, was engaged principally in mercantile pursuits, including, among others, those of designing, constructing, enlarging, or otherwise engaged in any work on bridges, streets, foundations, tunnels, waterworks, reservoirs, sewage, dams, and all kinds of excavation, and iron, wood, masonry, earth, and concrete construction, and making contracts therefor, rendered on sustaining a demurrer to the petition on the ground that the petition does not show that the alleged bankrupt can be adjudicated a bankrupt, bars a subsequent petition in another district by creditors intervening in the proceedings, as against the objection that the petition does not explicitly allege that the alleged bankrupt was engaged in manufacturing pursuits.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 60, 131, 141–144; Dec. Dig. ⊚═100.]

3. BANKRUPTCY ⊚═77—INVOLUNTARY PETITIONS—INTERVENING CREDITORS.

A single intervening creditor may carry on an involuntary petition in bankruptcy good on its face.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 55, 101–103, 105, 106; Dec. Dig. ⊚═77.]

4. BANKRUPTCY ⊚═100—INVOLUNTARY PETITION—JUDGMENT OF DISMISSAL—CONCLUSIVENESS.

A creditor, failing to intervene in involuntary bankruptcy proceedings dismissed for failure to show that the alleged bankrupt can be adjudicated a bankrupt under the Bankruptcy Act, may not maintain an involuntary petition in another district.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 63, 131, 141–144; Dec. Dig. ⊚═100.]

In Bankruptcy. In the matter of the Culgin-Pace Contracting Company, alleged bankrupt. Bankruptcy petition dismissed.

Green & Bennett, of Holyoke, Mass., for Ætna Life Ins. Co.
Parker & Milton, of Boston, Mass., for bankrupt.

MORTON, District Judge. [1] Upon the facts stated in the referee's report, the Culgin-Pace Contracting Company was "engaged principally in manufacturing." Friday v. Hall & Kaul Co., 216 U. S. 449, 30 Sup. Ct. 261, 54 L. Ed. 562, 26 L. R. A. (N. S.) 475. It is therefore subject to adjudication under the Bankruptcy Act as it stood at the filing of this petition on September 21, 1908.

⊚═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[2] The only other question is whether the decision of the United States District Court for the Southern District of New York, dismissing a bankruptcy petition (sworn to on September 9, 1908) brought against this respondent in that district, bars these proceedings under the principle of res judicata.

All the present petitioners became parties to the New York proceedings by an intervening petition in favor of adjudication therein dated October 27, 1908; i. e., more than a month after this petition had been filed. The only party now before the court that did not join in the suit in New York is the Ætna Life Insurance Company. Whether the Ætna Company was a creditor of the respondent at the date when the New York petition was brought did not clearly appear in evidence before the referee. From facts subsequently agreed upon by the parties, it appears that of the Ætna Company's present claim of $1,743, all but $105 was in existence when the New York petition was filed. There does not appear to have been any material change in the respondent's situation, nor in the business or pursuit in which it was principally engaged, between the filing of the bankruptcy petition in New York and in this district. It is not contended that this petition is, in this respect, based on facts which occurred after the New York petition had been filed, nor on materially different facts from those on which that petition was based.

The petition in this case alleges that the respondent was "engaged principally in manufacturing and mercantile pursuits." The petition in the New York case alleged that said company was "engaged principally in mercantile pursuits, including, among others, those of designing, constructing, enlarging, * * * or otherwise engaged in any work on bridges, * * * streets, * * * foundations, * * * tunnels, * * * waterworks, * * * reservoirs, * * * sewage, * * * dams, and all kinds of excavation, and iron, wood, masonry, earth, and concrete construction, in all parts of the world, and making contracts therefor." The answer in that case, by way of demurrer, alleged that upon the allegations of the petition the respondent was not a corporation subject to adjudication under the Bankruptcy Act, and was not "principally engaged in manufacturing * * * or mercantile pursuits."

The decree of the court was:

"Ordered that the demurrer interposed herein be and hereby is in all respects sustained, and the petition * * * be and hereby is dismissd, upon the ground that said Culgin-Pace Contracting Company is not a corporation entitled to the benefits of the Bankruptcy Act of 1898."

It is true, as the petitioners contend, that the New York petition did not explicitly allege that the respondent was engaged in "manufacturing pursuits," and that the petition here does so allege. But it is also true that the New York petition described with considerable detail the business of the respondent as the facts herein found show it to have been, and that the decision there did not turn upon any narrowness or defect in the petition, nor upon any lack of jurisdiction, but was made upon the broad ground that the respondent was not, on the allegations in the petition, "a corporation entitled to

the benefits of the Bankruptcy Act of 1898." In view of those allegations, the omission of the words "manufacturing pursuits" does not constitute an essential difference between the two petitions. The point decided in the New York case was not merely whether the respondent was "engaged in mercantile pursuits," but whether, being engaged in the business described in the petition, it could be adjudicated a bankrupt under the act as it then stood. The demurrer explicitly raised that question.

It is the very issue here presented; and as to the present petitioners who were parties in that case, it has been adjudicated against them. No appeal having been taken, that judgment is final and concludes their rights. Parties litigant are estopped by the judgment as to all matters which were properly involved in the case. Stark v. Starr, 94 U. S. 477, 485, 24 L. Ed. 276; Hein v. Westinghouse Air Brake Co. (C. C.) 172 Fed. 524; Union Pacific Co. v. Mason City, etc., Co., 165 Fed. 844, 850, 91 C. C. A. 530. The question whether the respondent corporation was "engaged principally" in such a pursuit that it could be adjudicated bankrupt was a single question.

"The law, to prevent vexatious or oppressive litigation, forbids the splitting up of one single or entire cause of action into parts, and the bringing of separate actions for each." Andrews, J., Perry v. Dickerson, 85 N. Y. 345, 39 Am. Rep. 663.

See Goodman v. Pocock, 15 Ad. & El. N. S. 576; Hoseason v. Keegen, 178 Mass. 247, 59 N. E. 627.

"Here we find in the prior judgment a solemn and express adjudication in favor of the validity of the patent. If in that particular the court went beyond its province, its action was not void, and the remedy for the respondents was to apply to have its decree amended." Putnam, J., Empire State Nail Co. v. Am. Solid Leather Button Co., 74 Fed. 864, 21 C. C. A. 152 (C. C. A. First Circuit.)

"This finding, having gone into the judgment, is conclusive as to the facts found in all subsequent controversies between the parties on the contract." Field, J., Lumber Co. v. Buchtel, 101 U. S. 638, 639, 25 L. Ed. 1072.

[3, 4] There remains the further question whether the fact that the Ætna Life Insurance Company, which here intervened in favor of adjudication on February 5, 1909, was not a party to the New York proceedings, saves this petition from being barred by the New York decision. A single intervening creditor has the right to carry on a petition good on its face. Re Sheffer, Fed. Cas. No. 12,742; Collier on Bankruptcy (10th Ed.) p. 780. The Ætna Company had the right to intervene in the New York proceedings, of which it is assumed to have taken notice. Re Billing (D. C.) 145 Fed. 395; Collier, p. 782. Its failure to exercise such right does not, I think, leave it in any more favorable position, as to these proceedings, than those creditors who did intervene in New York.

"It cannot reasonably be presumed that Congress intended to authorize different creditors to come in successively and retry issues which have been decided, and in that way make the pendency of involuntary cases perpetual." Hanford, J., Neustadter v. Chicago Dry Goods Co. (D. C.) 3 Am. Bankr. Rep. 96, 96 Fed. 830.

· The petitioning creditors in the New York case represent, as to the issues there raised, all the creditors of the respondent; and the adjudication there binds the entire class of creditors of which the petitioners were representatives. McIntosh v. Pittsburgh (C. C.) 112 Fed. 705, at 707. The result, which is regrettable, is that the petition must be dismissed.

Petition dismissed.