NORMAN S. JEWETT *vs.* SILAS P. BROOKS.

Middlesex. Jan. 31. — March 8, 1883. FIELD & W. ALLEN, JJ., absent.

If A. makes a contract with B., by the terms of which B. is to cultivate A.'s farm on shares for one year from a certain date, and, before the end of the year, A. orders B. off the premises, refuses to allow him to go on under the contract, and lets the land to a third person by a written lease for a year, B. is entitled to maintain an action at once against A., and to recover as damages the value of the contract.

On the issue of the value to the plaintiff of a contract which the defendant has broken, a hypothetical question to an expert which does not accurately state the terms of the contract is inadmissible.

HOLMES, J. The defendant made a contract with the plaintiff, by the terms of which the plaintiff was to cultivate the defendant's farm on shares for one year from April 1, 1880. Before the end of the year, on July 15, 1880, the defendant ordered the plaintiff off the premises, refused to allow him to go on under the contract, and let the land to a stranger by a written lease for a year. On the 22d of the same July, the plaintiff brought this action, and subsequently had a verdict, the defendant alleging a number of exceptions.

The first was to the judge's refusal to rule that, on the pleadings, this action could not be maintained. The ground of this exception seems to be, that a letting on shares is a sort of partnership, and that no action at law can be maintained before a winding up. But, even if there was a partnership, which we do not mean to imply, this rule has no application to the present case. It applies when the subject matter of the claim turns

out to be an item in a current account, because the plaintiff's right is, not to receive the amount of that item, but only the balance of the account when taken. But when the cause of action is a complete repudiation of the contract on which the relation between the parties is founded, no such reason exists. It is true the pleadings show that performance had so far begun that the plaintiff had expended some time and labor upon the farm, but there were no joint debts or complicated accounts with which a jury might be unable to deal, and the case stands like any other where a contract had been broken after part performance by the plaintiff. *Terry* v. *Carter*, 25 Miss. 168.

The damages, like the contract, were entire, and all accrued on the day when the contract was repudiated. See *Amos* v. *Oakley*, 131 Mass. 413, 417. They were measured by the value of the contract of which the plaintiff was deprived, and did not consist of a series of items, although, for the purpose of estimating the value, the items on each side of the account during the year, as well after as before the breach, were properly admissible. But it is unnecessary to deal with the exceptions bearing on this point more particularly, as a new trial will be necessary for another reason.

Several farmers who had examined the farm on July 24, 1880, were called as experts, and asked the value of a hypothetical contract, the actual contract not having been shown them. Even if this was a proper matter for expert testimony, the contract supposed did not sufficiently correspond with that which was sued upon to make the question admissible. Apart from the great number of details omitted, it was supposed that the plaintiff " was to have one half of everything there," while, by the terms of the contract in suit, there was " no hay to be sold except for taxes," and " as much hay to be left at the end of the year in barn in as good condition and quality as when Jewett commenced." We cannot say how far the assumption that the plaintiff was to have half the hay may have modified the witnesses' answers.          *Exceptions sustained.*

*J. Hillis*, for the defendant.

No counsel appeared for the plaintiff.