ANNIE HOSEASON *vs.* JOHN KEEGEN.

Suffolk. January 14, 1901. — March 2, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

A bill in equity by an executrix, seeking a reconveyance of certain real estate conveyed to the defendant by the plaintiff's testatrix, alleged that, such testatrix being unable to write her name, the defendant induced her to affix her mark to a deed of the property in question by a representation that it was a merely formal matter, saying to her "I want you to sign this paper. It does n't amount to anything," and that the plaintiff's testatrix executed the instrument, believing that by so doing she was not conveying away any right in her property. After a hearing on the merits, the bill was dismissed by a final decree not appealed from. Subsequently, by a second bill in equity, the same plaintiff sought from the same defendant a reconveyance of the same property, alleging that the plaintiff's testatrix, being seventy years of age, unable to read or write and of failing mind, formerly lived with the defendant, the husband of her daughter since deceased, that after her daughter's death the plaintiff's testatrix determined to live with the plaintiff, and that thereupon the defendant by his inducement, persuasion and undue influence procured her assent to the conveyance of the property to him without consideration, and that the conveyance was not the free act of the plaintiff's testatrix but was the will and act of the defendant. To this second bill the defendant pleaded *res judicata,* setting up the decree dismissing the plaintiff's first bill. *Held,* that the plea was good and the decree a bar to the plaintiff's second bill; that the two bills were generically for the same alleged grievance, namely, that the plaintiff's testatrix was given by the defendant an improperly created motive for making the conveyance to him, and differed only in the statement of the motive, and the plaintiff was bound to bring forward in support of her first bill all the matters stated in her second bill.

BILL IN EQUITY by the executrix and sole devisee under the will of Mary McLaughlin against the widower of said Mary's

deceased daughter, to set aside a conveyance of certain real estate from said Mary to the defendant, alleged to have been procured by him through undue influence and persuasion and not to have been the free act of said Mary, praying the court to order a conveyance of the property to the plaintiff, filed January 9, 1900.

The defendant set up a plea of *res judicata*, alleging that Mary McLaughlin, the plaintiff's testatrix, on May 12, 1897, filed a bill, which after the death of said Mary was prosecuted by the plaintiff, for the recovery of the same rights, alleging the same facts and seeking the same relief as the present bill; that said former bill after a hearing on its merits in the Superior Court had been dismissed with costs by a final decree and that no appeal was taken from said decree.

The third and fourth paragraphs of the present bill setting forth the grounds on which relief was sought, were as follows :

" Third. And the plaintiff further says that the said Mary McLaughlin was a woman well advanced in years, being seventy years of age on the said third day of February, 1896, and that she was a woman of little education, unable to read or write at the time of the conveyance referred to; that her mind and memory had begun to fail her, owing to advancing years, and that she was readily susceptible to the influence of those with whom she came in contact.

" Fourth. And the plaintiff says that said Mary McLaughlin was the mother-in-law of said Keegen; that she lived with him and his wife, who was her daughter, for a period of fourteen years next prior to said February, 1896 ; that the wife of the defendant, the daughter of said Mary McLaughlin, died some time in August, 1895, and that the said Mary McLaughlin at some time thereafterwards decided to live with the plaintiff, Annie Hoseason, and that as soon as the said Keegen knew of such intention, he determined to secure a conveyance of the property hereinbefore referred to ; that by reason of his inducement, persuasion and influence unduly exercised upon the said Mary McLaughlin, he procured the assent of the said Mary McLaughlin to convey to him said property without consideration ; and the plaintiff says that the said deed was not the free act of said Mary McLaughlin, but was the will and act of the said John Keegen."

The second paragraph of the former bill, which the plaintiff contended did not raise the same issues, was as follows:

"Second. That on said third day of February, A. D. 1896, the defendant John Keegen produced to the plaintiff a written instrument which the said Keegen then and there requested the plaintiff to place her mark upon, the plaintiff being unable to write her name as her signature to such instrument. And the plaintiff says that the defendant represented to the plaintiff as the reason why she should so affix her mark as her signature to such instrument, and as an inducement for her so to do, that said instrument was a mere formal matter, and was of no particular consequence. The words spoken by the defendant being substantially as follows: 'I want you to sign this paper. It does n't amount to anything.' And the plaintiff, believing the representations made by the defendant to be true, thereby being induced so to do, and believing that by so doing she was not conveying away any right in her property, executed the said instrument by affixing her mark, as her signature to said instrument."

The Superior Court, after hearing, sustained the plea and ordered the bill dismissed with costs. From this decree the plaintiff appealed.

*J. H. Vahey & C. H. Innes*, for the plaintiff, contended, that the decree dismissing the former bill might have been made on the ground, that the defendant had not misrepresented to Mary McLaughlin the character of the instrument which she signed, and did not preclude the issue, whether or not she had been induced to sign by the undue influence of the defendant without such misrepresentation.

*P. Mansfield*, for the defendant.

HOLMES, C. J.    This is a bill in equity seeking to compel a conveyance of certain land from the defendant to the plaintiff on the ground that the defendant obtained the conveyance to himself without consideration by undue influence exercised over one Mary McLaughlin, the owner, of whom the plaintiff is the executrix and residuary devisee. The defendant pleads a former adjudication upon a bill, brought by Mary McLaughlin and carried on by the present plaintiff after Mary McLaughlin's death, in which it was alleged that the defendant obtained the same

deed by a fraudulent statement that it did not amount to any-thing, Mary McLaughlin being unable to read it, in which it was prayed that the defendant be ordered to release any interest conveyed by the same. This former bill, it is alleged, was dismissed on the merits. The Superior Court. sustained the foregoing plea and dismissed the present bill. The plaintiff appeals.

We are of opinion that the decree of the Superior Court was right. The object and " petitory conclusions " of both suits are the same: to annul the effects of the same deed by a reconvey-ance. *Gillespie* v. *Russel*, 3 Macq. 757, 760. It is. true that the ground on which the reconveyance now is sought differs somewhat from that formerly alleged. But, so far as appears, both bills go on generically the same footing, that Mary Mc-Laughlin was given an improperly created motive for action by the defendant, and differ only as to what the motive was. It does not appear that the fraudulent statement alleged in the first bill went to the nature and identity of the instrument so as to raise a question whether Mary McLaughlin might not have denied it to be her deed; *O'Donnell* v. *Clinton*, 145 Mass. 461, 462, 463 ; on the contrary the statement on its face, as set forth, dealt only with the importance of the transaction, a consider-ation which could affect only motives. The undue influence alleged in the present bill of course concerns motives alone. *Fairbanks* v. *Snow*, 145 Mass. 153, 154.

Again it does not appear that the plaintiff did not have all the knowledge at the time of bringing her former bill that she now has. If she had, we should hesitate to admit that she would not have been barred even if the former bill had dis-tinctly alleged a misrepresentation as to the nature of the in-strument which Mary McLaughlin signed, and thus had alleged what in Scotland would be called a different *medium concludendi*. If the two grounds then should be regarded as inconsistent, there might be a question as to the propriety of allowing a plaintiff to speculate upon alternative and irreconcilable state-ments of fact. If they still would be consistent the plaintiff properly might be held bound to bring forward all her grounds of attack at once. See *Wildman* v. *Wildman*, 70 Conn. 700, 710. But see *Phosphate Sewage Co.* v. *Molleson*, 5 Ct. of Sess. Cas.

(4th ser.) 1125, 1139.  But however it might be in the different case supposed, we think it entirely plain on the case as it stands and as we have stated it, that the plaintiff was bound to bring forward in the former case all grounds of a similar nature, or, in other words, all matters of improperly created motive which she might have for setting aside this deed.  *Phosphate Sewage Co.* v. *Molleson,* 4 App. Cas. 801.  *Henderson* v. *Henderson,* 3 Hare, 100, 115. · *Werlein* v. *New Orleans,* 177 U. S. 390.  *Sayers* v. *Auditor General,* 124 Mich. 259.  *Foster* v. *Hinson,* 76 Iowa, 714, 720.  *State* v. *Brown,* 64 Md. 199.  *Boyd* v. *Boyd,* 53 App. Div. (N. Y.) 152, 159.

*Decree affirmed.*