JOHN M. GILMAN *vs.* AMERICAN PRODUCERS' CONTROLLING COMPANY.

CLARENCE E. PETERS *vs.* SAME.

Norfolk.   December 9, 1901. — January 3, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Assignment.   Practice, Civil,* Parties.   *Jurisdiction.*

The fact that an assignment contains a permission to bring suit in the name of the assignor does not abridge the right of the assignee to sue in his own name given by St. 1897, c. 402.

A plaintiff may join a number of counts, each for a breach by the defendant of a contract with a different person of whom the plaintiff is the assignee, and by adding the claims together give the court jurisdiction of his case although each claim alone is below the required limit.

TWO ACTIONS OF CONTRACT, one by John M. Gilman and the other by Clarence E. Peters, each suing in behalf of himself and as assignee of others for breaches by the defendant of many separate contracts in writing, each with one person to employ him to work in the State of Utah at a stated sum per month, each claim being contained in a separate count. Writs in the Supreme Judicial Court, dated September 11, 1900.

The cases were reserved by *Lathrop,* J., for the determination of the full court. By the report, it appeared, that the plaintiff in each case took assignments from those for whom he sought to recover, each authorizing him to sue in the name of the assignor, that neither the amount claimed to be due under the contract with the plaintiff in each action nor that claimed to be due any one assignor was sufficient to give this court jurisdiction of the actions, though the aggregate of the sums was sufficient.

The assignments were all alike and each contained the expression " with power to collect the same in my name and as my attorney, hereunto duly authorized to his own use."

The defendant contended that under this form of assignment the plaintiffs could not maintain the actions in their own names.

If the actions could be maintained, the cases were to be sent to an assessor to assess the damages; otherwise the actions were to be dismissed.

*E. H. Savary,* for the plaintiffs.

No counsel appeared for the defendant.

LORING, J. 1. The assignments of these claims to the plaintiff, in each case, gave him the right to bring the action in his own name. St. 1897, c. 402, § 1. This right was not abridged by the insertion in the assignment of a permission to bring suit in the name of the assignor.

2. In each case the aggregate damages demanded by the plaintiff on all the counts exceed in amount $1,000; this brings the case within Pub. Sts. c. 150, § 5, defining the jurisdiction of this court in Norfolk County. There is no reason why a plaintiff should not secure the amount necessary to

give this court jurisdiction by adding together the damages demanded in the several counts; the right to insert any number of counts for different causes of action is expressly given by the practice act. St. 1852, c. 312, § 2. Gen. Sts. c. 129, § 2. Pub. Sts. c. 167, § 2. And before St. 1897, c. 402, a plaintiff could include in one declaration several negotiable notes made by one person, originally payable to different payees, all of which had been indorsed to him. We see no reason for holding that the assignee of a common law chose in action has not the same privilege since the enactment of St. 1897, c. 402.

*Cases to be sent to an assessor to assess the damages.*