ELIZABETH BARNES *vs.* WALTER G. HUNTLEY, administrator.

Suffolk.    January 24, 1905. — May 20, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Res Judicata.    Equity Jurisdiction.*

A final decree dismissing a bill in equity, from which no appeal was taken, is a bar to another bill between the same parties for the same cause of action, and the plaintiff cannot avoid the defence of *res judicata* by seeking to maintain the suit on grounds different from those mentioned in the former bill.

LATHROP, J.    This is a bill in equity, filed in the Superior Court on March 3, 1902, against the administrator of the estate of Nelson H. Bush, to enforce an oral trust alleged to have been made on February 1, 1881, by the terms of which the plaintiff delivered to Bush $550, to be invested and re-invested, under an agreement to pay over to the plaintiff from time to time, as her wants should lead her to request, any income from such investment, and the whole amount thereof, with all accumulations, on her demand.

The bill contained numerous other allegations showing breaches of the trust and payments to her of certain sums on demand. The prayer of the bill was for an account, and that the defendant be required to pay over to the plaintiff any money and any other property belonging to the plaintiff.

The defendant pleaded a former adjudication upon a bill in equity filed in the Superior Court on April 27, 1900, by the same plaintiff against the same defendant, for the same cause of action, which, after a full hearing on its merits, was dismissed by the Superior Court on July 1, 1901; and a final decree was entered.

On issue joined on this plea, a commissioner was appointed to take the evidence; and a full report of the evidence was made. Upon all the evidence the judge of the Superior Court found that the plaintiff's bill in the case at bar was for the recovery of the same rights, claims and causes of action as were set forth in the former suit, sustained the plea in bar, and entered a final decree dismissing the bill with costs. The case is before us on an appeal by the plaintiff from this decree.

It appears in the record before us that in order to avoid encumbering the record with a mass of evidence, the parties agreed that the parties in this suit are the same persons who were parties in the former suit; that the defendant is sued in this cause in the same capacity and as administrator of the same estate as in the former suit; and that the sum of $550 specified in the plaintiff's bill in this suit is the same as that specified in the former bill.

A comparison of the two bills shows that, while the present bill is somewhat longer than the original bill, the cause of action is the same. The "petitory conclusions" of the two bills are the same, namely, an accounting and paying over of what may be found due.

It seems to us plain that the plaintiff was bound to bring forth all her grounds of attack at once; and that she cannot in this bill seek to maintain it on grounds different from those mentioned in the former bill. She has had her day in court, and a full trial of her case, and a decree against her, from which she took no appeal. The matter is *res adjudicata*. *Hoseason* v. *Keegen*, 178 Mass. 247, and cases cited.

*Decree affirmed.*

*T. H. Talbot*, (*G. H. Ross* with him,) for the plaintiff.
*T. J. Boynton*, for the defendant.