## MARY C. RICHARDS *vs.* CHARLES G. KEYES, trustee, & another.

Suffolk.    March 18, 1907. — April 2, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Equity Jurisdiction,* Equitable estoppel.    *Probate Court.*    *Trust,* Duties and powers of trustee.    *Constitutional Law.*

The beneficiary of a trust, who joined in a request in writing under seal to the trustee to deliver a deed of certain land belonging to the trust to a preceding beneficiary of the trust under whom she claims and to take back a mortgage for the purchase price, and who, after such a deed and mortgage had been executed and delivered without express authority from the Probate Court, with a full knowledge of the circumstances joined in a request for the granting of a petition to the Probate Court under R. L. c. 148, § 24, for a confirmation of the deed and mortgage, upon which a decree of confirmation and confirmatory conveyances in pursuance thereof were made, is estopped in equity as well as at law to deny the validity of the transaction and cannot maintain a bill in equity to set aside the deed and mortgage, whether the first deed and mortgage were invalid or voidable by the plaintiff or not.

The provision of R. L. c. 148, § 24, for a decree of ratification by the Probate Court, where the authority or validity of an act of a person acting as executor, administrator, guardian or trustee is drawn in question, expressly applies where the question relates to an alleged " want of authority " of a trustee.

R. L. c. 148, § 24, giving the Probate Court power to make a decree of ratification, where the authority or validity of an act or proceeding of the Probate Court or of a person acting as executor, administrator, guardian or trustee is drawn in question by reason of an alleged irregularity, defective notice or want of authority, is constitutional.

BILL IN EQUITY, filed in the Supreme Judicial Court on April 24, 1905, by Mary C. Richards, the daughter and only child of Mary L. Richards, deceased, against Charles G. Keyes, trustee under the will of Stephen R. Clapp for the benefit of the plaintiff and other persons, and Martha A. Tuttle, to set aside a sale and conveyance, set forth in the pleadings, from Charles G. Keyes, trustee under the will of Stephen R. Clapp, to Mary L. Richards, and the taking back of a mortgage from Mary L. Richards for the purchase price, the said conveyance and mortgage being dated April 7 and recorded on October 18, 1894 ; praying for a decree that such mortgage is a cloud upon the title of the premises ; that the defendant Tuttle be ordered

to discharge a second mortgage held by her upon the same premises made by Mary L. Richards and her husband; that the defendant Keyes be decreed to hold the premises as trustee under the will of Stephen R. Clapp free from all sales and mortgages made after the probate of the will of Stephen R. Clapp; and for further relief.

The case was heard by *Sheldon*, J. It appeared that two petitions to the Probate Court for license to sell the premises were filed·by the defendant Keyes as set forth in the bill and the answer of the defendant Keyes; that the first of these petitions was dismissed by the Probate Court, and that on the second of the petitions no decree was made. It also appeared that the defendant Keyes made the conveyance to Mary L. Richards and received back the mortgage in question without express authority from the Probate Court, and that after both the conveyances had been made he petitioned that court for a decree confirming the sale made by him and the mortgage back, and the petition was granted by the Probate Court; and that the defendant Keyes thereafter executed and received confirmatory conveyances.

Before the introduction of any evidence, it was admitted by the plaintiff that she joined in the request for the granting of the petition of Charles G. Keyes filed in the Probate Court on September 25, 1897, for a decree confirming the sale made by him, the confirmatory deed being dated December 23, and recorded on December 24, 1897; and also that the plaintiff, with Mary L. Richards, on October 16, 1894, executed under seal the following instrument:

" Know All Men by These Presents that we, Mary L. Richards and Mary C. Richards, beneficiaries under the will of Stephen R. Clapp, deceased, in consideration of the execution and delivery at our request of a deed and mortgage between said Mary L. Richards and Charles G. Keyes, trustee under said will, which deed and mortgage are dated April second, 1894, hereby agree to indemnify and save harmless said trustee against all loss, trouble and expense on account of making said deed and taking back said mortgage; and we also agree not to hold said trustee or claim from him any interest or income from or on account of said mortgage, except so far as said trustee

shall actually receive the same from us or either of us; the said Mary L. Richards being entitled to all the interest and income of the estate held by said Keyes as trustee under said will during her life.

"Witness our hands and seals this sixteenth day of October, 1894.

"Mary L. Richards.    [Seal.]

Mary C. Richards."    [Seal.]

The justice, against the objection of the plaintiff, ruled that the plaintiff, after joining in the petition for confirming the sale and mortgage, after the decree of the Probate Court thereon and after the execution by her of the instrument printed above, could not complain of the acts of the trustee in making the sale, giving the deed and taking back the mortgage set forth in her bill. The plaintiff alleged exceptions to this ruling.

The case was submitted on briefs.

*M. C. Richards*, pro se.

*C. G. Keyes, R. W. Nason & T. W. Proctor*, for the defendants.

HAMMOND, J. If the first deed from Keyes the trustee to Mary L. Richards and the mortgage back were valid, then the plaintiff has no case. If they were invalid, or voidable at the election of the plaintiff, then it is clear that she is estopped in equity to set up such a claim, because, first, as appears from the paper of October 16, 1894, signed by her and her mother, she requested the delivery of such deed and mortgage and agreed to indemnify the trustee against all loss, trouble and expense on that account; and, second (which is the stronger reason), she with full knowledge of the circumstances joined in the request for the granting of the petition of Keyes subsequently filed in the Probate Court for the decree confirming said sale.

The plaintiff urges that this case is not within R. L. c. 148, § 24, which provides for confirmation of certain proceedings by the Probate Court, and that the statute refers only to those cases where there is an alleged irregularity or want of notice. This position, however, is untenable. The statute applies also where the "want of authority" "is drawn in question"; and it *is* apparent that such was this case.

It is further urged that the statute is unconstitutional. No authority is cited by the plaintiff in support of this proposition. The statute confines the exercise by the Probate Court of this confirmatory power to cases where the act or proceeding to be ratified or confirmed is such as might have been " passed or authorized in the first instance upon due proceedings." There can be no doubt that the act which was finally confirmed, namely, the sale by Keyes to Mary L. Richards, was such an act. That such a statute is constitutional is too clear for discussion.

The ruling, therefore, that " the plaintiff, after joining in said petition for confirming the said sale and mortgage, after the decree of the Probate Court thereon and after the execution by her of said instrument [of October 16, 1894], . . . could not now complain of the act of the trustee in making said sale, giving the deed, and taking back the mortgage " was correct.

*Exceptions overruled.*