WILLARD B. BRYNE _vs._ NELLIE E. DOREY & another.

Middlesex.　March 26, 1915. — May 27, 1915.

Present: RUGG, C. J., LORING, BRALEY, & CARROLL, JJ.

_Assignment. Contract,_ Performance and breach, Equitable defence of recoupment. _Practice, Civil,_ Defence of recoupment. _Damages,_ Recoupment.

A right of action to recover damages for the breach of a contract for support is assignable and R. L. c. 173, § 4, gives the assignee the right to sue on the contract in his own name.

Where a contract in writing for support is stated therein to be made in consideration of mortgages of certain real estate securing non-negotiable promissory notes for an amount named, and the contract, mortgages and notes bear a common date and are delivered at the same time as one transaction, the contract being given in exchange for the mortgages and notes, and immediately thereafter the mortgagor who is to be supported regains and retains possession of the mortgage notes, refusing to give them up, denying his liability thereon and paying no interest, while the mortgages are retained by the mortgagee and by him are caused to be recorded, the mortgagor cannot maintain an action for a breach of the contract to support him; because he has failed to perform his own contract, the performance of which is a condition precedent to the mortgagee's obligation to furnish the support.

The defence of recoupment of damages in an action of contract is an equitable one and does not depend on the rules relating to set-off, and where such a defence is alleged in the answer of two defendants their rights in equity as well as at law may be considered. Accordingly in the present case, where a husband and wife were sued jointly, it was _held,_ that overdue and unpaid notes, which had been made by the plaintiff and had been given by him to both defendants, although made payable to the wife only, as a part of the transaction on which

---

[*] By _Wait,_ J., to whom the case was submitted on an agreed statement of facts.

the plaintiff's claim was founded, could be deducted in recoupment from the plaintiff's claim or, if in excess of that claim, could be used to extinguish it, no superior rights of third persons against either of the defendants having intervened.

CONTRACT by the assignee of the rights of John J. Dorey, for the alleged breach of an agreement in writing dated July 2, 1907, whereby the defendants, who were husband and wife, agreed to support John J. Dorey during the remainder of his life, the plaintiff seeking to recover damages for the failure to support John J. Dorey from the date of the agreement until May 19, 1911, which was the date of the assignment to the plaintiff. Writ dated June 7, 1911.

The defence of recoupment, which is referred to in the opinion, in addition to other defences was alleged in the answer as follows: "And the defendants further say that payment of the principal and interest [of the mortgage notes] has been duly demanded of the said John J. Dorey, who neglected and refused to pay the same, or any part thereof, and that upon May 19, 1911, the date of the alleged assignment set forth by the plaintiff in his declaration, there was due and payable to the defendants on account of interest on said mortgages the sum of $5,211, and the defendants ask to be recouped up to said amount of $5,211 against any judgment which the plaintiff may recover in this action."

In the Superior Court the case was tried before *Dana*, J.

By the instrument of assignment, which was under seal and was dated May 19, 1911, John J. Dorey assigned to the plaintiff "all claims and demands which I now have, or which I may have at any time against John W. Dorey and Nellie E. Dorey for every sum and for all sums of money now due or which may hereafter become due to me under a contract bearing date of July 2nd, 1907, executed by the said John W. Dorey and the said Nellie E. Dorey, whereby the said John W. Dorey and the said Nellie E. Dorey have agreed to furnish support to me, and for every sum and for all sums of money and demands which are now due or may become due to me as damages for breach of said support agreement, and all my right, title and interest in and to any property, or any rights to which I may be entitled under said support agreement or by reason of any breach of said support agreement."

The contract on which the action was brought was as follows:

"Know all men by these presents that we John W. Dorey and Nellie E. Dorey both of Somerville Middlesex County Massachusetts, husband and wife in consideration of certain mortgages made by John J. Dorey to said Nellie E. Dorey amounting to the sum of twenty-seven thousand dollars on property in said Somerville and in Boston Suffolk County Massachusetts, said mortgages being dated July 2, 1907 — and duly recorded do hereby for ourselves, our heirs, executors, administrators, and jointly and severally covenant and agree with John J. Dorey his heirs, executors, administrators, that we the said John W. Dorey and Nellie E. Dorey will jointly and severally furnish to said John J. Dorey during said John J. Dorey's natural life a comfortable support and maintenance equal to the style and manner in which said John J. Dorey has been accustomed and used to furnish for himself. Such support and maintenance shall include necessary clothing, food, lodging, medicines, medical attendance, nursing, and all care and attendance which said John J. Dorey would reasonably furnish for himself in the manner in which he has been accustomed heretofore to maintain himself. And for the consideration aforesaid the said John W. and Nellie E. Dorey for themselves, their heirs, executors, and administrators do jointly and severally covenant and agree with said John J. Dorey, his heirs, executors, and administrators that they, the said John W. and Nellie E. Dorey will jointly and severally support and maintain the minor child of said John J. Dorey, named Robert James Dorey and also the child now expected to be born to said John J. Dorey by his wife Mary E. Dorey until said child or children shall attain the age of eighteen years provided it is decreed by any court of competent jurisdiction that said John J. Dorey shall have the care and custody of said child or children or either of them. If only one of said children is decreed to said John J. Dorey's care and custody then the covenants and agreements herein contained shall apply only to the child so decreed to the care and custody of said John J. Dorey. Said care and support and maintenance to be supplied to said child or children by said John W. and Nellie E. Dorey shall be of the same kind and quality as said John J. Dorey would reasonably furnish for said child or children if said John J. Dorey was caring for, supporting and maintaining said child or children himself, said care, support and main-

tenance to include clothing, food, lodging, medicine, medical attendance, nursing, reasonable opportunity for acquiring a reasonable education and such reasonable attention as would naturally be expected from said John J. Dorey toward said child or children.

"In witness whereof we hereunto set our hands and seals the second day of July, 1907.

Nellie E. Dorey
John W. Dorey."

The mortgages referred to in the contract and the mortgage notes were dated July 2, 1907. The mortgage notes, mortgages and the contract for support were all prepared by attorneys employed by John J. Dorey and were delivered as of their common date, July 2, 1907. The mortgages were recorded at once by the defendants and remained in their possession. Immediately thereafter, after the execution of the papers on the same day, John J. Dorey repossessed himself of both of the mortgage notes and refused to redeliver them to the defendant Nellie E. Dorey and retained possession of them until May 18, 1911, the day preceding the assignment of the contract for support to the plaintiff, when John J. Dorey was forced to return the notes to the defendant Nellie E. Dorey by a decree ordering him so to do, which is referred to in the opinion. No payment of principal or interest ever was made on the mortgage notes. Other facts are stated in the opinion.

At the close of the evidence the defendants asked the judge to instruct the jury as follows:

"1. If the jury shall find that on July 2, 1907, or immediately thereafter, John J. Dorey wrongfully retained or wrongfully took possession of the mortgage notes and wrongfully withheld them from the defendants until May 18, 1911, such action on his part constituted a breach by him of said support agreement, and the defendants meanwhile were under no obligation to support him, and the plaintiff cannot maintain this action.

"2. The plaintiff cannot recover for a breach by the defendants of said support agreement which was due to or occasioned by the fault or wrong doing of the said John J. Dorey.

"3. The mortgage notes and mortgages and the support agreement are not independent contracts, but are dependent each

upon the other, and the mortgage notes with the mortgages are the consideration for the support agreement, and the defendants are entitled to have allowed by way of recoupment or counterclaim so much of the interest and principal due on said mortgage notes as shall be necessary to offset the amount of damages, if any, which the jury may find to be due the plaintiff in this action.

"4. If the jury shall find that there is any sum due the plaintiff for the support of John J. Dorey, the defendants are to be allowed as a set-off, by way of recoupment thereof, so much of the amount due as interest and principal on said mortgage notes, as may be necessary to offset any such amount found due from them."

The judge refused to give any of these instructions, and at the request of the plaintiff made the following ruling:

"The defendants are not entitled to recoup in this action any unpaid interest or unpaid principal on the mortgage notes mentioned in the defendants' amended answer."

The jury returned a verdict for the plaintiff in the sum of $5,200.35; and the defendants alleged exceptions.

*L. A. Mayberry,* for the defendants.

*T. W. Proctor,* for the plaintiff.

BRALEY, J.    While the terms of the assignment are very much broader in scope, the right of the assignor to recover any damages which accrued by reason of the alleged breach of the contract for support was assignable, under R. L. c. 173, § 4, and the action can be maintained in the name of the plaintiff, the assignee. *Parker* v. *Russell,* 133 Mass. 74, 75. *Gilman* v. *American Producers' Controlling Co.* 180 Mass. 319.

The consideration of the contract for support is stated to be certain real property mortgages made by the assignor to the defendant Nellie E. Dorey, to secure the payment of two non-negotiable promissory notes for the aggregate amount of $27,000. The notes, mortgages and contract bear a common date on which they were simultaneously transferred, and, having been given and received in consideration for each other, they are to be construed as dependent promises, even if in form they are unilateral. *Hunt* v. *Livermore,* 5 Pick. 395. *Stone* v. *Fowle,* 22 Pick. 166, 174. *Fort Payne Coal & Iron Co.* v. *Webster,* 163 Mass. 134.

It follows that, until the assignor in pursuance of the agreement

delivered the notes and mortgages, the contract for support did not become operative and binding and he could not call for performance on the part of the defendants who, if he refused to perform, had the right to recover as damages the value of the contract of which they had been deprived. *Jewett* v. *Brooks,* 134 Mass. 505, 506.

The exceptions recite that the assignor "immediately thereafter on the same day . . . repossessed himself of both of said mortgage notes and refused to deliver them " to the mortgagee and payee, and the jury would have been warranted in finding from the proceedings in equity instituted by the defendants on November 16, 1907, the record of which was introduced in evidence, that the notes were not delivered or returned by the assignor until May 18, 1911, in compliance with the final decree. And from his answers to the original bill, the allegations of the crossbill, and the master's report, a further finding would have been warranted that he constantly asserted and contended that no valid contract existed of which performance by him lawfully could be demanded. The assignment having been dated the day following the date of the decree and the writ shortly after, the jury also could find that the period for which damages are demanded and were assessed is the time elapsing during the litigation made necessary by the plaintiff's repudiation of the agreement and retention of the notes.

If the contract, as established by the decree, imposed on the defendants, who are husband and wife, the duty to provide the assignor with support in accordance with its terms, the agreement on the part of the assignor to do no act which would render such support impossible resulted by necessary implication. *Hapgood* v. *Shaw,* 105 Mass. 276, 279. While the assignor, although living with them at the time of the negotiations, had been given by the contract an unlimited choice of the place or places where he would reside, yet he could not, on the one hand, insist on receiving performance, while on the other hand he retained possession and control of the consideration, denying absolutely the existence of any enforceable contract. And his persistent refusal to deliver the consideration may be treated at law as well as in equity as a justification for non-performance by the defendants. *Jewett* v. *Brooks,* 134 Mass. 505. *Lowe* v. *Harwood,* 139 Mass. 133. *Cook* v. *Sawyer,* 188 Mass. 163, 167. *Parrot* v. *Mexican Central Railway,* 207

Mass. 184.  *Neal* v. *Jefferson*, 212 Mass. 517, 522.  *Holt* v. *Silver*, 169 Mass. 435.

The defendants' first and second requests for instructions directed the attention of the presiding judge to this question, and his refusal to give them in form or substance was erroneous.

The answer, however, not having pleaded the decree, which has the same effect as a judgment on the parties and their privies, the question whether it is a bar to the present action is not before us.  *Hoseason* v. *Keegan*, 178 Mass. 247.  *Barnes* v. *Huntley*, 188 Mass. 274.  *Richards* v. *Keyes*, 195 Mass. 184.  1 Freem. Judgments (4th ed.) §§ 248, 249.  R. L. c. 173, § 4.

But if, as the record now stands, the jury found that the assignor did not intend to repudiate the contract, the defendants, having pleaded this defence, contend that they are entitled to recoup so much of the principal and interest of the notes as might be necessary to offset any damages found due to the plaintiff, although no action for any excess, according to their tenor, over the amount required to extinguish the damages could be maintained thereafter.  *Carey* v. *Guillow*, 105 Mass. 18.  *Cox* v. *Wiley*, 183 Mass. 410.  *Batterman* v. *Pierce*, 3 Hill (N. Y.) 171.  *Britton* v. *Turner*, 6 N. H. 481.  *Good* v. *Good*, 5 Watts, 116.

The plaintiff is subject to all the defences which would have been available against the assignor.  R. L. c. 173, § 4.  The claim for support and the claim on the notes the jury could find were understood by the parties, not as founded upon distinct transactions, but as concurrent and mutual obligations.  The assignor could not be required to make payment unless the maintenance contracted for had been furnished, and the defendants were not required to furnish it except for compensation in the form stipulated.  If ultimately they are found to be responsible in damages, the assignor is also liable on the notes which were overdue and unpaid at the dates of the assignment and of the writ.

The defence of recoupment is an equitable one not dependent on R. L. c. 174, relating to set-off, and under the allegations of the answer the rights of the defendants in equity as well as at law may be considered.  *Dorr* v. *Fisher*, 1 Cush. 271, 275.  *Stacy* v. *Kemp*, 97 Mass. 166, 168.  *Jennings* v. *Moore*, 189 Mass. 197, 203.  See *Puller* v. *Staniforth*, 11 East, 232.

It is no bar that the defendants, who are jointly and severally

bound, have been sued jointly. Where no superior rights of third persons have intervened, equity will deal with the real transaction and adjust the equities between the parties accordingly. *Smith* v. *Felton,* 43 N. Y. 419, 423. *Loring* v. *Morrison,* 15 App. Div. (N. Y.) 498. · And this rule was followed in *M'Hardy* v. *Wadsworth,* 8 Mich. 349, an action at law. It being manifest that complete justice can be done and circuity of action avoided, no sound reason appears why the defendants should be compelled to resort to an independent action on the notes. *Harrington* v. *Stratton,* 22 Pick. 510, 517; *Sawyer* v. *Wiswell,* 9 Allen, 39, 42; *Carey* v. *Guillow,* 105 Mass. 18; *Davis* v. *Bean,* 114 Mass. 358; *American Bridge Co. of New York* v. *Boston,* 202 Mass. 374; *Deeves & Son* v. *Manhattan Life Ins. Co.* 195 N. Y. 324.

The plaintiff cites and relies upon *Brighton Five Cents Savings Bank* v. *Sawyer,* 132 Mass. 185, and *Isenburger* v. *Hotel Reynolds Co.* 177 Mass. 455. But in these cases the promissory notes sued on were contracts which could be enforced for the full amount without performance by the ·plaintiff of executory agreements which were held not to be part of the same transaction. The defendants' third and fourth requests were denied wrongly, and the ruling made at the plaintiff's request should have been refused.

We have considered all the questions argued and for the reasons stated the exceptions must be sustained.

*So ordered.*