MARTHA E. ALLISON vs. TIMOTHY J. DONOVAN.

Middlesex.    November 16, 1922. — March 2, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Res Judicata. Sale,* On execution.

In a suit in equity to have a sheriff's sale on execution and his deed in accordance
therewith declared null and void on the ground that the sheriff made a false
return in stating that the notice as set out in the return was given to the judg-
ment debtor, and that no notice of the sale was published as alleged by the
sheriff, the defendant, who was the purchaser at the sale, pleaded in bar that
the present plaintiff had begun an action against the defendant by writ of entry
in the Land Court to recover the premises in question, and that after issue
joined in that court a hearing was had and the court had decided in favor of the
defendant.  It appeared that in the real action in the Land Court, the tenant
had pleaded *nul disseisin* and had contended that, as the demandant was in
possession, the writ should abate; and that the demandant had contended that
because of the tenant's plea of *nul disseisin,* the tenant should not be permitted
to offer evidence "that he was not tenant, because such evidence would be re-
pugnant to his plea."   The tenant was not permitted to offer such evidence.
The judge of the Land Court in his decision, considering contentions of the
demandant that the sheriff's deed was invalid, ruled that the sheriff's return
was conclusive and that in that suit it could not be impeached, and that "As
the officer's return in the execution in substance shows a compliance with the
statutory requirements" as to notice and deposit of copy in the registry of deeds,
"there must be judgment for the tenant."   The plea of the defendant in the
suit in equity was sustained and the bill was dismissed.  The plaintiff appealed.
*Held,* that
    (1) Although the judge of the Land Court ruled that the writ of entry should
abate because it appeared that the plaintiff never had been out of possession,
the case in that court was considered on its merits and was fully tried;
    (2) The plaintiff's contention was *res judicata;*
    (3) The fact that the form of the action in the Land Court differed from the
suit in equity in the circumstances did not prevent the decision of the Land Court
from operating as a bar to the suit in equity.

BILL IN EQUITY, filed in the Superior Court on January 13, 1922,
seeking to have declared null and void a sheriff's sale on May 28,
1921, under an execution dated March 10, 1921, and the deed to
the defendant, purchaser at the sale, dated July 11, 1921, of an
undivided one half interest of Carl H. Allison in certain real
estate in Medford attached on August 21, 1919, on mesne process
in an action by the defendant against Carl H. Allison.  The
plaintiff, who was the wife of Carl H. Allison, alleged that he

conveyed his undivided half interest in the land to her on June 30, 1920.

The defendant pleaded in bar as described in the opinion. The plea was heard by *Qua*, J., and was sustained, and a decree was entered dismissing the bill. The plaintiff appealed.

*J. Cummings,* for the plaintiff.

*W. J. Geegan,* for the defendant.

CARROLL, J. This is a bill in equity to remove a cloud from a title; and praying that a sheriff's deed under an execution sale, conveying to the defendant all the title of Carl H. Allison (husband and co-tenant as tenant in common of the plaintiff in the premises), be declared null and void.

The plaintiff alleges that the sheriff made a false return, in stating that the notice as set out in the return was given Allison; and that no notice of sale was published, as alleged. The defendant filed a plea in bar, averring that the present plaintiff began an action against the defendant by writ of entry in the Land Court to recover the premises in question; and that after issue joined in that court a hearing was had and the court decided in favor of the defendant. The decision of the Land Court shows that in the real action the tenant pleaded *nul disseisin,* and contended that as the demandant was in possession, the writ should abate; the demandant contending that because of the tenant's plea of *nul disseisin* the tenant should not be permitted to offer evidence "that he was not tenant, because such evidence would be repugnant to his plea." The tenant was not permitted to offer evidence that he was not the tenant; following *Johnson* v. *Boardman,* 6 Allen, 28.

The decision in the Land Court then goes on to explain the contentions of the demandant to the effect that the sheriff's sale was invalid; and it was ruled that the return of the sheriff was conclusive and that in the suit between the demandant and tenant it could not be impeached, citing *Baker* v. *Baker,* 125 Mass. 7, *Blake* v. *Rogers,* 210 Mass. 588, *Sawyer* v. *Harmon,* 136 Mass. 414. The decision of the Land Court further held, the sheriff's return that he posted notices of sale in the town where the land lies and in two adjoining towns, was conclusive; that a copy of the execution with the officer's return relating to the seizure was deposited in the registry of deeds in compliance

with G. L. c. 236, § 4; and that the return showed the specific dates when notice of sale was given; and that "As the officer's return in the execution in substance shows a compliance with the statutory requirements there must be judgment for the tenant." In the Superior Court the defendant's plea in bar was sustained and a decree entered dismissing the plaintiff's bill.

Although the judge of the Land Court ruled that the writ of entry should abate because it appeared that the plaintiff had never been out of possession, the case in that court was considered on its merits. The demandant in the Land Court sought to establish her right to the premises. The tenant claimed the right to possession by virtue of the deed from the sheriff, which the demandant claimed was invalid and of no effect. She is now seeking, by the proceeding in equity, to accomplish the same end. The matter was fully tried in the Land Court. The same issue was previously tried between the same parties; the validity of the deed and the sheriff's proceedings in selling under execution were all involved in the former decision. There has been a judicial determination of fact, and the parties are bound by the decision; the matter is *res judicata. Harlow* v. *Bartlett,* 170 Mass. 584. *Hoseason* v. *Keegan,* 178 Mass. 247. *Barnes* v. *Huntley,* 188 Mass. 274.

The fact, that the form of action in the Land Court was different from the one before us, does not prevent the former decision from operating as a bar. The plaintiff elected to bring the writ of entry and to join issue in that proceeding. She is now bound by the earlier decision on the question involved, and the fact that evidence was not admissible in that proceeding to impeach the return of the officer, does not give the plaintiff the right to try the question of the validity of the officer's return again. It was said in *Whitaker* v. *Sumner,* 7 Pick. 551 (decided in 1829), at page 555, in discussing the effect of an officer's return: "It [the return of the sheriff] is conclusive in all questions that can arise between the creditor and debtor, and all persons claiming under either of them." The matter now in controversy was then in issue, and the decision of the Land Court is final. *Chamberlain* v. *Preble,* 11 Allen, 370. *Merriam* v. *Woodcock,* 104 Mass. 326. *Jamaica Pond Aqueduct Corp.* v. *Chandler,* 121 Mass. 1.

If the officer has made a false return, as the plaintiff claims, she has a remedy against him for the wrong done, but she is not entitled to relief in this proceeding.

The decree of the Superior Court is affirmed.

*So ordered.*