Morton, J.
This is an action of contract to recover money loaned to the defendant. The answer was a general denial and payment.
The defendant duly filed three requests for rulings all of which were denied. These requests are as follows:
“1. On all the evidence the plaintiff is not entitled to recover.
“2. On all the evidence there was nothing due to the plaintiff from the defendant on Sept. 14, 1936 the date of the bringing of the plaintiff’s writ.
“3. On all the evidence the defendant’s debt to the plaintiff has been paid.”
The defendant also filed the following motion for judgment:
*494 “Now coimes the defendant in the above entitled cause and moves that on all the evidence the Court order judgment to issue for the defendant.”
This motion was denied. The Court found for the plaintiff for the whole amount declared upon with interest.
The evidence was somewhat contradictory. In view of the unusual circumstances in this case it seems necessary to refer to the testimony offered by each party. The evidence of the plaintiff tended to show that the defendant was engaged in a retail liquor business in Gloucester, and in December, 1935 the defendant told the plaintiff that he was indebted to one Proctor in the sum of $650, and if the plaintiff would advance that amount the defendant would take him into partnership in the business aforesaid. In consequence of this conversation the plaintiff gave the defendant $650 and received at the same time a receipt worded as follows:
“Jan. 3, 1936, Eeceived of Tony Currier Six Hundred and Fifty Dollars which is to be paid in full December 31,1936. (Signed) Albert Mason.”
The money was paid on January 3,1936 and simultaneously with the delivery of the receipt above referred to, the defendant produced another paper which he said was a copy of the paper which he had signed and delivered to the plaintiff; he asked the plaintiff to sign this other paper. This the plaintiff did without reading it; that thereafter the plaintiff went to the store of the defendant to take up his duties as a partner in the business conducted therein. The defendant gave him no work to do and ignored him so far as work about the place was concerned. In consequence of this treatment the plaintiff demanded a return of his money at various times, and finally he was told by the defendant not to keep asking for money as he, the defendant, did not owe him any.
*495 The testimony of the defendant tended to show that he talked with the plaintiff about becoming a partner in the aforesaid business, but that after receiving the money from the plaintiff, as aforesaid, he learned, or purported to learn, that in view of the nature of the license issued to him as a liquor dealer he could not take any one into partnership with him. He learned this on the day the money was received, and on the same day he returned it to the plaintiff and received the receipt above set forth and signed by Antone F. Currier. The defendant testified that on January 6, 1936 he paid said Proctor the sum of $600.00.
The defendant contends that the action was prematurely brought as, in accordance with the document signed by the plaintiff, the money was not payable until December 31, 1936, several months after the suit was brought. This contention is without merit. A finding was warranted, and evidently was made by the trial court, in denying the first and second requests for rulings, that the entire transaction was a scheme of the defendant, fraudulent from its inception, to induce the plaintiff to pay the money involved in order to become a partner in the business of the defendant, the defendant at the time having no intention of taking the plaintiff into partnership. The sole idea of the defendant, according to the obvious findings of the trial court, was an intention on the part of the defendant to get the money from the plaintiff to pay a debt of the defendant and thereafter to ignore the plaintiff. Under these circumstances, as soon as the fraud was discovered by the plaintiff he was entitled to institute suit to recover his money.
The case in this aspect is not wholly unlike Jewett v. Brooks, 134 Mass. 505, in which it appeared that the defendant made a contract with the plaintiff by the terms of which the plaintiff was to cultivate the defendant’s farm on shares for a year. Shortly after the contract was made the defendant ordered the plaintiff off the premises and refused *496 to let him go on with the contract. The defendant did not contend that the action was prematurely brought, but did contend that the action could not be maintained until the partnership created by the contract was wound up. The Court held that the action could be maintained, and that damages should be assessed for the plaintiff.
A case more nearly in point, and decisive of the issue before us, is Hale v. Wilson, 112 Mass. 444, an action of contract to recover money had and received to the plaintiff’s use, where it appeared that the defendant induced the plaintiff to pay the money to enter into a partnership but with the intent of appropriating it to his own use. With regard to this situation the Court says at page 449:
“We are of opinion that the defendant has no ground to complain of the instructions given at the trial. Under them the jury must have found that the defendant, by false representations, induced the plaintiff to enter into an agreement for a copartnership and to pay him three hundred dollars as a part of the capital stock of the pretended firm, and that the defendant obtained this money, not for the purpose of establishing a co-partnership, but for the purpose and with the intent of appropriating it to his own use and defrauding the plaintiff. Upon these facts the plaintiff can maintain an action at law to recover back the money fraudulently obtained from him.”
In the instant case the conduct of the defendant was as reprehensible as that of the defendant in Hale v. Wilson, supra. Under these circumstances the principle of that case would apply and the plaintiff could maintain his action from the moment of repudiation of the contract, or discovery of the defendant’s fraud.
The defendant contends that the plaintiff is bound by the receipt signed by him, and that, in consequence thereof,, he cannot recover in this action. This contention is also-without merit. The document in question did not purport *497 to be other than a receipt and, as such, it is open to explanation and amplification by evidence, and, in connection with the giving thereof, it could be weighed with all the other evidence in the case. That this is the nature of a receipt is set forth in Povey v. Colonial Beacon Oil Co., 1936 A. S. 767 where the Court says at page 772:
“It was handed to the plaintiff in response to his request for a receipt. Manifestly it did not comprise the entire agreement. It gave the defendant in terms no right to apply the money in settlement of indebtedness to it due from the plaintiff on the termination of their business relations. It was in substance a receipt. It is settled that a receipt is open to explanation and may be varied or controlled by oral evidence...... Plainly the letter of January 9,1931, did not as matter of law show that the $500 was put in the hands of the defendant as trustee. It was simply a piece of evidence to be weighed with all the other evidence in the case. The trial judge was warranted in finding that it did not and was not designed by the parties to set forth a final and complete statement of the whole transaction, and in ruling that it might be explained and amplified by evidence.”
The Court, in denying the third request for ruling, found as a fact that the defendant did not return to the plaintiff his money, and this finding would nullify the effect of the document in question as a receipt therefor. Such finding was warranted by the evidence.
Although this action should be more appropriately based upon a count for money had and received to the use of the plaintiff instead of on a count for money loaned, we think that no useful purpose would be served in requiring the declaration to be amended.
Manifestly there was no error in the denial of the requests for rulings and the motion for judgment filed by the defendant.
An order will be entered dismissing the report.