## KEITH v. FOWLER

### Opinion delivered July 6, 1925

1. SALES—BREACH OF WARRANTY—JURY QUESTION.—Where, in an action for breach of a contract for sale of a carload of hay, there was conflicting evidence as to the quality of the hay, it was error not to submit to the jury the issue as to whether there had been a breach of express warranty as to quality by the seller.

2. SALES—BREACH OF WARRANTY—REMEDIES.—Where there was an express warranty in the sale of hay, the purchasers did not waive a breach thereof by acceptance of the hay, for they had the right to retain the hay and sue on the warranty or recoup the damages when sued for the price.

3. SALES—BREACH OF WARRANTY—REMEDIES.—Purchasers of a carload of hay, upon discovery that the hay was not of the quality it was warranted to be, had a right to reject the whole shipment and defend on that ground when sued for the price.

4. SALES—BREACH OF WARRANTY—REMEDIES.—Where purchasers of a carload of hay, which was of stipulated quality, after unloading and disposing of a part of it, found that the remainder of the hay was of inferior quality, they could reject the portion not up to the standard, and, when sued for the price, recoup their damages.

Appeal from Columbia Circuit Court; L. S. Britt, Judge; reversed.

*Joe Joiner,* for appellants.

*Paul Crumpler,* for appellee.

McCULLOCH, C. J.  Appellants, Jim Keith and H. T. Dickens, are country merchants doing business in Columbia County, at the village of Bussey, and the railroad shipping point is Taylor, a station on the line of the Louisiana & Arkansas Railroad Company.  Appellee is engaged in the wholsale hay and grain business at Kansas City, Missouri, and on February 28, 1923, sold and shipped to appellants, under written contract of sale, a carload of hay designated as choice green alfalfa. The contracts specified, ''Weights and grades guaranteed, inspection allowed, delivered at your station.''  The shipment was made by rail, and appellee drew on appellants through a bank at Taylor, Arkansas, with the bill of lading attached.  Appellants opened the car, unloaded about one-third of it, and distributed it among their customers, who hauled it away from the car as fast as it was taken out.  Appellants testified that when they opened the car they found that a portion of the hay next to the door was of the grade specified in the contract, and, on the assumption that the whole car was of the same grade, they proceeded to unload the car into the wagons of their customers, and did not discover the difference in quality of the hay until they had unloaded nearly a third of the car.  The balance of the hay was found to be of a very low grade and most of it entirely unfit for use.  They refused to receive it, and appellee brought suit to recover $396.92, the price of the hay.

Appellants pleaded the contract of guaranty and breach thereof by furnishing worthless hay below the grade specified in the contract, and the issues were tried before a jury.

Appellants testified themselves as before stated, and proved by other witnesses that all of the hay was unfit for use except the portion packed near the door, and that, as soon as they discovered the quality of the hay, they refused to accept it, but that it was impracti-

cable at that time to call back the portion which had been loaded into wagons and hauled away. One of the witnesses for appellants also testified that he examined the car in which the hay was shipped and found that it had a good roof, and that the hay could not have been damaged in transit.

Appellee testified that the hay was of the grade specified in the contract and was in good condition when it was shipped. Other witnesses introduced by appellee testified to the same effect, and the evidence was sufficient to warrant a finding either way as to the condition of the hay.

Appellants requested instructions submitting the issue to the jury as to whether or not there was a breach of the contract of warranty as to the quality of the hay, but the court refused to submit this issue to the jury, and, on the contrary, gave a peremptory instruction in favor of appellee.

The contract of sale was in writing, and there is no dispute as to its terms. It plainly provides for a warranty by the seller of the quality of the hay. There was an issue of fact in the case as to whether or not there was a breach of the contract by reason of the hay being below the specified grade. The testimony was conflicting on that issue, and it should have been submitted to the jury under appropriate instructions. The court erred in taking that issue away from the jury by a peremptory instruction. In the case of *Courtesy Flour Co.* v. *Westbrook,* 146 Ark. 17, we said: "The law on the subject is that where chattels are purchased under express warranty as to quality, the purchaser may rescind on discovering the inferior quality of the article sold, but is not bound to do so, and, on the contrary, may retain the articles purchased and sue on the warranty or recoup the damages when sued for the price. In case, however, the contract is to deliver goods of a particular description or quality without express warranty, and the purchaser accepts them after inspection and discovery of the inferior

quality, or after having had a fair opportunity to make such inspection, he waives the right to claim damages for defects or inferiority of the goods sold." In this case, as we have already said, there was an express warranty, hence appellants did not waive the breach by acceptance of the hay, for they had the right to "retain the articles purchased and sue on the warranty or recoup the damages when sued for the price." They also had the right, on discovery of the condition of the hay, to reject the whole shipment and defend on that ground when sued for the price. Notwithstanding the acceptance of a portion of the hay which was of a quality in accordance with the stipulations of the contract, they had the right to reject the remainder as soon as the discovery was made that it was below the standard and was worthless. In either event, if, as appellants contend, the hay was below the standard specified in the contract and was worthless, they had a right to recoup their damages when sued for the price.

For the error in giving the peremptory instruction, the judgment is reversed, and the cause remanded for a new trial.