O'LEARY PRODUCE COMPANY v. PRIDE.

Opinion delivered February 22, 1926.

SALES—IMPLIED WARRANTY—WAIVER.—Where the buyer of strawberries which were sold without express warranty accepted them with knowledge as to their condition, he will be held to have waived an implied warranty as to their condition.

Appeal from Sebastian Circuit Court, Fort Smith District; John E. Tatum, Judge; affirmed.

Daily & Woods, for appellant.

Lake, Lake & Carlton and John D. Arbuckle, for appellee.

McCULLOCH, C. J. Appellee has been engaged in the business of buying and shipping strawberries at DeQueen, Arkansas, and he sold and shipped to appellant, at Fort Smith, on order, twenty-five crates of strawberries at the agreed price of six dollars per crate. Appellant received and opened the crates and put the berries on sale, but claims that they were badly damaged and unsalable, and refused to pay for them. This is an action instituted by appellee against appellant to recover the price.

There is a conflict in the testimony as to the condition of the berries. Appellee introduced considerable testimony to the effect that the berries, when shipped at

DeQueen, were in such condition as to reach destination in good order and in salable condition. The testimony adduced by appellant is to the effect that the berries were in poor condition on arrival at Fort Smith, and were unsalable; that appellant discovered the condition of the berries as soon as they were delivered by the express company, and that appellant's agent called the attention of the express agent after the delivery to the fact that the berries were in bad condition, and that the agent made an indorsement on the receipt for payment of charges that the berries were "more or less overripe and moulded."

According to the testimony, appellant put the berries on sale and made sales of many crates to retail dealers, but all were returned because of the fact that the berries were unsalable. Two or three crates were sold at a small sum to a peddler and the remainder was finally dumped as being worthless. Appellant did not notify appellee of the condition of the berries until two or three weeks later, and then refused payment.

There are numerous assignments of error with respect to the introduction of testimony, and also as to objections to the court's charge, but we are of the opinion on the undisputed evidence in the case that appellant is liable; therefore it is unnecessary to discuss any of the assignments of error.

It is undisputed that there was no express warranty as to the quality of the berries, and that the shipment by the carrier was directed to appellant, so that the latter had an opportunity to inspect the berries, and did inspect the same and found them to be in bad condition. Appellant accepted the berries with knowledge of the quality, and thereby waived the implied breach of warranty. The case is controlled by our decision in *Courtesy Flour Co. v. Westbrook,* 146 Ark. 17, where we said:

"The law on the subject is that, where chattels are purchased under express warranty as to quality, the purchaser may rescind on discovering the inferior quality

of the article sold, but is not bound to do so, and, on the contrary, may retain the articles purchased and sue on the warranty or recoup the damages when sued for the price. In case, however, the contract is to deliver goods of a particular description or quality without express warranty, and the purchaser accepts them after inspection and discovery of the inferior quality, or after having had a fair opportunity to make such inspection, he waives the right to claim damages for defects or inferiority of the goods sold.''

We also quoted with approval the following from the Kentucky case of *Dana* v. *Boyd,* 2 J. J. Marsh. 588: ''To this there may be exceptions, as when the defects are discovered afterwards; in which case he must, on the discovery thereof, offer to restore, or where there has been fraud in concealing or misrepresenting the bad qualities of the articles, or an express warranty. But, where the defects are palpable and are perceived at the time, he must reject the goods and set aside the contract *in toto,* and go for their full value, and cannot be allowed to accept and then bring his action for the bad quality.''

Learned counsel for appellant insist that the doctrine of the case cited above is not applicable for the reason that there was no opportunity for inspection. Counsel are in error in this, for there is no such distinction. The goods were shipped direct to appellant, and, when presented by the carrier's agent for delivery to appellant, the condition of the berries was discovered. Then was the time for appellant to reject the shipment, otherwise he must be deemed to have waived the breach of implied warranty as to quality. There was further discussion of this doctrine in the recent case of *Keith* v. *Fowler,* 169 Ark. 176, and the rule announced in *Courtesy Flour Co.* v. *Westbrook, supra,* was reaffirmed.

The judgment of the circuit court being correct upon the undisputed evidence, any error in the record, if any be found, could not have been prejudicial to appellant's rights. The judgment is therefore affirmed.