## O. H. WILLSON *vs.* JOHN VLAHOS.

Middlesex. December 4, 1928. — February 28, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Contract*, Construction, Performance and breach. *Sale*, Warranty. *Damages*, Recoupment.

Strawberries, shipped by a seller in Arkansas to a purchaser in Massachusetts in response to a telegram reading: "Ship car tomorrow. Best stock. Lowest price possible": are sold subject to an express warranty that they are "best stock."

At the hearing by a judge without a jury of an action of contract for the purchase price of berries sold upon the order above quoted, there was no evidence that the words "best stock" had any special or peculiar significance in the trade in Arkansas, except testimony by an expert called by the defendant "that strawberries which had suffered preshipment injury, either mechanical or from overheating, did not 'come in the trade within the description of best stock.'" It appeared that the berries had suffered from preshipment injury due to overheating, and that thereby the defendant had suffered damage in excess of the purchase price. The defendant did not discover the condition of the berries until many had been sold by him. He claimed damages in recoupment. There was a finding for the plaintiff. *Held*, that

(1) Upon the evidence, the words "best stock" were to be interpreted as commonly understood and used and related not only to grading but to quality;

(2) There was a breach of the express warranty that the berries would be "best stock";

(3) The finding should have been for the defendant.

Although it appeared, at the hearing of the action above described, that
the damages suffered by the defendant by reason of the breach of
warranty by the plaintiff exceeded the amount due the plaintiff from
the defendant for the berries, the defendant could not recover such
excess in the action against him for the purchase price.

CONTRACT for the purchase price of strawberries alleged to
have been purchased of the plaintiff in Van Buren, Arkansas,
and shipped to the defendant in Lowell, Massachusetts.
Writ dated June 2, 1927.

In the Superior Court, the action was heard by *Weed,*
J., without a jury. Material evidence before him and facts
found and rulings made by him are stated in the opinion.
He found for the plaintiff in the sum of $1,325.63. The
defendant alleged exceptions.

*A. S. Howard,* for the defendant.

*S. Baker,* for the plaintiff.

CROSBY, J. This is an action of contract to recover the
purchase price of a carload of strawberries. The amended
answer contains a general denial, payment, and sets up by
way of recoupment that the plaintiff expressly warranted
that the strawberries were to be of the best stock, and im-
pliedly warranted that they were in proper condition to
stand shipment from Van Buren, Arkansas, to Lowell in this
Commonwealth, and to be in merchantable condition for
resale at Lowell; that there was a breach of both warranties
by the plaintiff which the defendant did not discover until
after many of the berries had been sold by him, but that
upon such discovery he gave the plaintiff opportunity to
reclaim them, which was refused to the damage of the de-
fendant. The case was tried before a judge of the Superior
Court without a jury and is before this court upon exceptions
taken by the defendant to certain findings and rulings. The
findings contain all the evidence material to the issues raised
by the bill of exceptions, except two exhibits annexed thereto
marked "A" and "B".

The judge made the following findings: The plaintiff sold
to the defendant a carload of strawberries, "best stock," upon
the latter's order by telegram, dated May 7, 1927, sent to
the plaintiff at Van Buren, Arkansas, in the following form:

"Ship car tomorrow.  Best stock.  Lowest price possible."
The berries were delivered to the American Railway Express
f.o.b. Van Buren, for shipment to the defendant in Lowell,
on the evening of May 8, 1927.  The price charged was fair,
and the defendant has not paid the plaintiff for the berries.
These findings dispose of the issues raised by the general
denial and the plea of payment.

The judge further found that "the car was not delayed in
transit, and that the condition in which the berries were
found upon arrival in Lowell was not due to the fault of the
carrier."  He rightly found that the contract was made in
Arkansas, *Milliken* v. *Pratt*, 125 Mass. 374, 375, 376.  *Stone*
v. *Old Colony Street Railway*, 212 Mass. 459, 462, 463, *Walling*
v. *Cushman*, 238 Mass. 62, 65, and is therefore governed re-
specting its interpretation by the law of that State.  *Mon-
treal Cotton & Wool Waste Co. Ltd.* v. *Fidelity & Deposit Co.
of Maryland*, 261 Mass. 385, 390.  It was also found that the
uniform sales act was not in force in Arkansas at the time
of the sale here in question.

The question presented is, whether in view of the terms of
the contract there was an express warranty and, if so, whether
there was a breach of it, damages resulting from which the
defendant was entitled to recoup.  It is manifest that under
the law of Arkansas the acceptance of the goods is not a bar
for breach of an express warranty.  *Keith* v. *Fowler*, 169 Ark.
176.  *O'Leary Produce Co.* v. *Pride*, 170 Ark. 516.  In the
present case there was an express warranty that the berries
were to be "best stock."  The judge ruled, however, that
this warranty related only to the grading of the berries and
that there was no breach thereof.

It is the contention of the defendant that the warranty was
not limited to the grading of the berries, but that it was also
a warranty of their quality.  It appeared in evidence that
the inspectors of the United States department of agriculture
at the place of shipment graded "375 crates 'U. S. No. 1's'
and 52 crates 'Ark. No. 2's', and found as to quality and
condition, 'berries generally ripe, firm, fairly well colored and
clean; defects within tolerance — chiefly soft and bruised
berries with less than 1% decay.'"  The judge found: "It is

a custom of the trade in Arkansas to grade strawberries as 'U. S. No. 1's' and 'Ark. No. 2's' . . . 'U. S. No. 1' means berries not under $\frac{3}{4}$ inch in diameter, not overripe nor underripe nor under developed, free from rot and mold or foreign matter or blemishes or mechanical injuries with a 10 per cent tolerance as to size and 5 per cent as to other standards. 'Ark. No. 2' means merchantable berries not up to No. 1 and containing not over 8 per cent defects of any description." The record recites that an expert called by the defendant testified "that strawberries which had suffered preshipment injury, either mechanical or from overheating, did not 'come in the trade within the description of best stock.' But no evidence other than this was offered to show that the words 'best stock' had any special or peculiar significance in the trade in Arkansas at the time of the sale." The judge having found that there was no evidence, other than that of the expert above referred to, that the words "best stock" had any special or peculiar significance in the trade in Arkansas, these words are to be interpreted as commonly understood and used. The word "best" as applied to things is defined as having good qualities in the highest degree; excellent in quality. We are of opinion that the goods sold to the defendant under an express warranty that they would be of "best stock" related not only to grading but to quality, and that the judge should have so ruled. He found that the berries had suffered preshipment injury from overheating. In view of this finding and the undisputed evidence that a large percentage of them was soft, moldy and unfit for human consumption, it follows that the defendant's exception to the ruling, in effect, that the warranty related solely to the grading of the berries, and the exception to the granting of the plaintiff's first request, that upon all the evidence the plaintiff is entitled to recover, must be sustained.

As it was found that the berries had suffered from preshipment injury due to overheating, there was a breach of the express warranty that they would be "best stock."

In view of the conclusion reached that there was an express warranty which included a warranty of quality as well as of

grading, the question, whether there was a breach of an implied warranty need not be considered.

It is stated by the judge that, if his ruling that the express warranty related solely to grading was wrong and there was a breach of the express warranty, then he finds upon the evidence that the damages suffered by the defendant by reason of such breach exceed the amount due the plaintiff from the defendant for the berries. The defendant however cannot recover such excess in the present action. *Bryne* v. *Dorey*, 221 Mass. 399, 405.

The exceptions must be sustained, and in accordance with G. L. c. 231, § 124, judgment is to be entered for the defendant.

*So ordered.*